RITTER et al. v. WHITESIDES.

(Division B. Nov. 1, 1937.)

[176 So. 728. No. 32836.]

I. L. Sheffield, of Fulton, for appellants.

708

C. R. Bolton, of Tupelo, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

V. S. Whitesides, receiver for the Bank of Saltillo, of Saltillo, Miss., filed a bill in the chancery court of Ita-

wamba county against J. W. Ritter and his wife, L. V. Ritter, seeking to have canceled and removed all claims, liens, or clouds against the title to certain lands described in the bill, and for a judgment in personam for certain amounts due the bank, and also for the amount due for the use of said lands subsequent to the foreclosure of the deed of trust.

J. W. Ritter owned 63 acres of land in the year 1926, and prior thereto he and his wife had occupied it as a homestead. In the latter part of the year 1926, J. W. Ritter purchased other land containing 188 acres, on which there was a better residence than on the 63 acres, and moved to the newly-acquired land, paying therefor at the time of purchase, $300, and later paying $100. While living on this 188-acre tract, J. W. Ritter executed a deed of trust on the 63-acre tract of land to the Bank of Saltillo, which was duly signed by him but not by his wife. In this deed of trust it was stipulated, following the description of the land, as follows: "All the above land being in Itawamba County, State of Mississippi, and being recorded in Deed Records of said County and State in Book 79, page 267, the above being no part of my homestead. I have 160 acres other than this. This is a first lien on the above described property."

Thereafter, on November 24, 1932, J. W. Ritter and his wife executed to R. S. Sheffield, as trustee for I. L. Sheffield, a deed of trust on the lands therein described, which instrument was duly recorded, and which, as alleged in the bill, was given to secure attorneys' fees to contest the rights of the complainant.

The deed of trust in favor of the Bank of Saltillo was foreclosed in 1932, and the bank became the purchaser at the sale.

The bill prayed for a cancellation of the claims of the appellants and Sheffield, and for a confirmation of the title of the bank under the trustee's deed to it.

It was contended by appellants, J. W. Ritter and his wife, that the deed of trust to the Bank of Saltillo was void because the 63-acre tract constituted their homestead, and L. V. Ritter, the wife of J. W. Ritter, did not sign it, and that the statement of J. W. Ritter, written in the deed of trust and above set forth, did not bind either him or his wife, since the land was their homestead. It was further contended that the appellants did not acquire the 188-acre tract because the title was in the trustee, the debt not having been paid, and that it was subsequently reconveyed to the grantor.

From these statements, it will be observed that the appellants had removed from their original homestead to another tract of land not connected with said 63 acres, and that title to the 188-acre tract had been acquired by them subject to the deed of trust to Sheffield, and that said parties continued to reside upon the tract for a period of five years, during which period the deed of trust to the bank was executed.

In section 1776, Code of 1930, it is provided that whenever a debtor shall cease to reside on his homestead, it shall be liable to his debts, unless his removal be temporary, by reason of some casualty or necessity, and with the purpose of speedily reoccupying it as soon as the cause of his absence can be removed. The removal of the appellants from the homestead was not occasioned by any casualty or necessity, and there is nothing to indicate that at the time of the removal it was the intention of Ritter and his wife to return and occupy it as a homestead. All the facts point to the contrary, and the chancellor was authorized to find from the proof, as he did find, that the 63-acre tract, at the time of the execution of the deed of trust to the bank, did not constitute a homestead. If the appellants had desired to return to the 63-acre tract as their homestead, it was within their power to file a homestead declaration under sections 1767 and 1768 of the Code of 1930. While a

declaration as to a homestead and its recordation are not required in all cases, it is a convenient form of giving notice of the purpose to return, although the parties may not be actually residing thereon. Under the law, the husband has the right to select the homestead, and to move from one and select another, and the recital of J. W. Ritter in the deed of trust was sufficient evidence of his selection of a new homestead, when he and his wife were, in fact, occupying other land for living purposes. The deed of trust to the bank being of record, and containing the stipulations mentioned, prevent the parties from acquiring rights therein except in subordination to the rights of the bank thereunder.

We find no reversible error in the proceedings, and the evidence warrants the decree as to the amount of the debt, and for the use of the 63-acre tract.

Affirmed.