505 So.2d 288 (1987)
Clyde LADNER, et al.
v.
QUALITY EXPLORATION COMPANY.
No. 56489.
Supreme Court of Mississippi.
April 8, 1987.
Nicholas Van Wiser, Rushing & Guice, Biloxi, for appellants.
*289 Gail A. Crowell, Bryan, Nelson, Allen, Schroeder & Cobb, Gulfport, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and ANDERSON, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Clyde Ladner and nine (9) other individuals filed suit against Quality Exploration Company in the Circuit Court of Hancock County, claiming actual and punitive damages resulting from a willful trespass upon seven hundred fifty (750) acres of land owned by them. The suit was two-fold, contending the plaintiffs were entitled to (1) surface damages and (2) sub-surface damages, which included minerals and conversion of mineral information. The lower court sustained a motion of Quality Exploration Company to dismiss the complaint on the ground that plaintiffs failed to join necessary parties, and the plaintiffs have appealed to this Court, assigning the following errors in the judgment entered by the lower court:
I. THE LOWER COURT ERRED IN ITS ORDER DISMISSING THE COMPLAINT PURSUANT TO MISS.R.CIV.P. 12(b)(7).
II. THE LOWER COURT ERRED IN ITS APPLICATION OF MISS.R. CIV.P. 19.
III. THE LOWER COURT ERRED IN RULING THAT IT LACKED JURISDICTION TO REHEAR OR RECONSIDER THE DEFENDANT'S MOTION TO DISMISS.

Pleadings
The original complaint was filed by appellant Ladner but was amended to include the other parties appellants The amended complaint charged that appellee committed a surface trespass upon approximately 750 acres of land owned by the appellants for the purpose of conducting seismographic tests and caused damage to the surface of the land through the use of explosive devices and running machinery upon it; that the appellee committed a sub-surface trespass upon the property by gathering geophysical data as to the presence of oil, gas and other minerals in and under the land without permission to conduct said operations thereon; and that the appellee explored the subsurface of the land owned by appellants without authority and obtained and disseminated the information derived from such exploration to third parties, resulting in a conversion of such data and information obtained.
On June 8, 1983, appellee moved the lower court, pursuant to Rule 19, Miss.R. Civ.P., to compel joinder of necessary parties, or, in the alternative, to dismiss without prejudice, for non-joinder of said parties. Appellants argue that all co-owners of the surface land and co-tenants of three-fourths (3/4) of the mineral interests had been joined and that the twenty-five percent (25%) mineral interest holders were not indispensable. On January 15, 1985, appellee renewed its motion to dismiss the action without prejudice for non-joinder of necessary parties, and the lower court granted the motion on March 25, 1985, declaring that all owners of the mineral interest are necessary and indispensable parties to the actions.
On April 1, 1985, appellants filed a motion to reconsider the dismissal and attached an affidavit of Honorable Gerald C. Gex, attorney, setting out that the one-fourth (1/4) mineral interest not included in the complaint is vested in at least thirty-seven (37) individuals and entitites, some of which are non-residents; that of the 37 interest holders, seven (7) are estates, with five (5) of those seven not yet opened; that of the 37 interest holders, one individual's whereabouts has not been known for six (6) years; and that the joinder of those interest holders would be "at best difficult, and in all probability at the present time would be practically impossible." The lower court denied the motion on April 25, 1985, on two grounds, i.e., (1) that it had no jurisdiction to hear the motion, and (2) even if it had jurisdiction, the affidavit does not alter the circumstances. The appellants appeal from the order of dismissal and denial of the motion to reconsider.

*290 Discussion of the Issues

Under the assignments of error, appellants contend that the lower court erred (1) in dismissing the complaint pursuant to Miss.R.Civ.P. 12(b)(7), (2) in its application of Miss.R.Civ.P. 19, and (3) in ruling that it lacked jurisdiction to rehear or reconsider the appellee's motion to dismiss.
The first two questions are closely related and will be discussed together. Rule 19(a) provides that a person who is subject to the jurisdiction of the court shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. Further, if the person has not been joined, the court shall order that he be made a party either as a defendant or, in a proper case, an involuntary plaintiff.
Rule 19(b) provides:
If a person as described in subdivision (a) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: First, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.
In the event Rule 19(a) and (b) is not complied with, then Rule 12(b)(7) may be invoked to effect the dismissal of the complaint.
In Shows v. Watkins, 485 So.2d 288 (Miss. 1986), the widow and surviving children of Roland Shows brought suit to cancel a quitclaim deed of homestead property conveyed by Shows during his lifetime to the Garners without his wife's signature or consent. The suit was brought against the successor in title of the Garners, without designating the Garners as parties to the action. The Court held that the case was controlled by Rule 19, Miss.R.Civ.P., and in construing Rule 19, the Court held:
The federal counterpart to Rule 19 has well defined contours. See Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); 3A Moore's Federal Practice (2d Ed. 1984) §§ 19.07-1, et seq., pages 19-120, et seq.; Wright, Miller & Kane Federal Practice and Procedure (1972) §§ 1601, et seq. Because it is substantially the same as MRCP Rule 19, this Court looks to Federal Rule 19 and the construction it has been given as guidance for the shaping of our rule. See Stanton & Associates v. Bryant Constr. Co., 464 So.2d 499 (Miss. 1985); Bourn v. Tomlinson Interest, 456 So.2d 747, 749 (Miss. 1984).
Shows, 485 So.2d at 290.
This Court held that since the Garners were subject to the lower court's jurisdiction and any adjudication of the deed's validity would impair or impede their ability to protect their interest in the deed, under Rule 19(a)(2)(i) the Garners must be joined.
Authors considering the applicability of Rule 19(a) have written that it applies to decide whether the party is "conditionally necessary" and, if so, and not feasible to join, whether the suit may proceed in the party's absence or be dismissed, which designates the absent party as indispensable under Rule 19(b). 3A Moore's Federal Practice §§ 19.07-1, et seq. (2d Ed.Supp. 1985-86); 7 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure §§ 1601, et seq. (1986). Provident Tradesmens Bank & Trust Co. v. Patterson, 390 *291 U.S. 102, 88 S.Ct. 733, 79 L.Ed.2d 936 (1968).
We refer to the case of Armstrong v. Canady, 35 So. 138 (Miss. 1903), decided by this Court, where only three (3) of six (6) tenants-in-common brought suit against a party to recover statutory penalties for cutting trees on their property. In holding that the suit must be dismissed, the Court said:
There may arise cases in which tenants in common might occupy such antagonistic positions as to render their nonjoinder proper, or their remedy severable. We intimate no opinion as to this, but certain it is that the case at bar presents no such state of facts. It is true that E.G. Childress, with the knowledge and consent of S.A. Childress, made some kind of contract with defendant in reference to the timber; but, waiving the question as to them, the record fails to show any reason for the nonjoinder of W.G. Childress. He was a cotenant of plaintiffs, jointly interested with them in the property alleged to have been damaged, and in the trees said to have been cut. It was error not to join him as a party to the litigation.
35 So. at 138.
We review the Armstrong case in light of Rule 19. Armstrong has declared that injuries to property are not severable as to the tenants-in-common owning the property. There appears little doubt that the present litigation may impair or impede the ability of the absent mineral interest holders to protect their property interests from violations committed thereon by other persons. An unfavorable judgment from appellants' viewpoint would definitely impair the absent mineral interest holders from bringing suit against the appellee for the identical cause. If not, subsequent actions by the absent mineral interest holders would subject appellee to a substantial risk of inconsistent obligations and multiple suits. See Rule 19(a).
We distinguish Young v. Garrett, 149 F.2d 223 (8th Cir.1945), cited by appellants for the proposition that an action for trespass may be maintained by less than all the tenants in common for their proportionate interests of the damage to the freehold. However, the case was decided under Arkansas law and relied upon Arkansas decisions, which permit one co-tenant to sue for his separate damage caused by the injury to the freehold. Like Mississippi, a great many jurisdictions hold contrary to the Arkansas decisions.
We now turn to the third question, which asserts that the lower court erred in ruling that it lacked jurisdiction to reconsider the appellee's motion to dismiss. Appellants filed their motion to reconsider the dismissal within ten (10) days of the lower court's order. Rule 59(e) empowers the lower court to reconsider the dismissal, if a motion to alter or amend the judgment is served not later than ten (10) days of the entering the judgment. We are of the opinion that the lower court had jurisdiction to reconsider the order of dismissal. Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss. 1984), citing Brown v. Credit Center, Inc., 444 So.2d 358, 364, n. 1 (Miss. 1983); Smith v. Hudson, 600 F.2d 60, 62 (6th Cir.), cert. dismissed 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979); Admiral Theatre Corp. v. Douglas Theatre Co., 585 F.2d 877, 890 (8th Cir.1978); accord Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 666 (5th Cir.1986).
However, we note that, in its order, the lower court stated: "In the event that the court did have jurisdiction to consider its previous order of dismissal, the court would still dismiss this pending motion to reconsider for the reason that the affidavit of Gerald C. Gex does not change the situation." Therefore, we will not reverse the cause on the third point.
We are of the opinion that the 25% absent mineral interest owners should be joined if feasible. Although, as Attorney Gex stated in his affidavit, joinder of those persons may be difficult, there is no proper showing that such joinder would be impossible or unfeasible. There are means and methods of getting before the court, and in *292 court, all parties who are proper and indispensable.
There is one cause of action (count) in the complaint which asserts a claim for damages by reason of trespass upon the surface of the property. All the surface property owners are parties and are joined in the complaint. Therefore, all parties as to that action are before the court, and the court has jurisdiction of them. The judgment of the lower court will be reversed as to the surface property owners, and that claim is remanded and may proceed to trial on its merits.
The judgment of the lower court dismissing the claim of trespass and conversion as to the mineral interest holders is affirmed without prejudice to all mineral holders for the purpose of determining whether or not joinder of the absent parties is feasible under Rule 19(a), and if not, whether they are indispensable under Rule 19(b). A new action may be instituted for such purpose and for proceeding with a trial on the merits.
AFFIRMED IN PART WITHOUT PREJUDICE; REVERSED AND REMANDED IN PART.
WALKER, C.J., HAWKINS, P.J., DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.