ROBERTSON, Justice,
for the Court:
I.
This case presents a question of general importance regarding the authority of the circuit clerk as clerk of the so-called special court of eminent domain to receive his normal percentage fee on sums deposited with him by the condemning authority. Pursuant to our quick take law, the condemning authority may obtain immediate possession of the property by depositing with the clerk of the court eighty-five percent (85%) of the compensation and damages determined by a court appointed appraiser.
In the case at bar, the Circuit Court of Lowndes County held that the clerk was entitled to the statutory commission on sums so deposited. The Mississippi State Highway Commission (MSHC) appeals. We affirm.
II.
From the record it appears that the quick take procedure was utilized, that a substantial sum of money was deposited with the clerk, Miss.Code Ann. § 11-27-85 (Supp. 1987), and that thereafter the case was settled. The Circuit Court entered its order on December 4, 1986, dismissing the case on grounds that the case “has now been fully settled and compromised.” The order further provided that MSHC pay the clerk’s commission of one-half 0/2) of one-percent (1%) of the sum deposited. Miss. Code Ann. § 25-7-13 (Supp.1987).
MSHC brings this appeal. The Court has received a brief submitted by the Mississippi Association of Circuit Clerks as amicus curiae. In addition, the Court has invited and received briefs from T.E. Wiggins, Circuit Clerk of Lowndes County, and from the Attorney General. See Warren County v. Culkin, 497 So.2d 433, 435-36 (Miss.1986).
III.
Our task is one of statutory construction. We begin with the general statute authorizing fees which may be charged by the clerk of the circuit court. Miss.Code Ann. § 25-7-13(5) (Supp.1987) provides:
The clerk of the circuit court may retain as his commission on all money coming into his hands, by law or order of the court, a sum to be fixed by the court not exceeding one-half of one percent (V2 of 1%) on all such sums.
By statute, jurisdiction of eminent domain proceedings is vested in the county court in each county having such a court; otherwise, in the circuit courts. Miss.Code Ann. § 11-27-3 (1972). In either case, the circuit clerk of the county serves as clerk of the so-called special court of eminent domain.
*212 Our quick take law contemplates that pending eminent domain litigation, the court will appoint a disinterested appraiser who within ten days will report his opinion regarding the fair market value of the property to be condemned and the damages, if any, to the remainder. Miss.Code Ann. § 11-27-83 (Supp.1987). The MSHC then has the right to immediate possession of the property if it
deposits] not less than eighty-five percent (85%) of the amount of the compensation and damages as determined by the appraiser with the clerk of the court,....
Landowners are then entitled to receive the amount paid to the clerk, which sums should be disbursed to them as their interests may appear. Miss.Code Ann. § 11-27-85 (Supp.1987).
At the conclusion of the case, the condemning authority is required to
pay to defendants, or to the clerk of the court if the defendants absent themselves, the differences between the judgment and deposits previously made, if any; .... If deposits previously made exceed the judgment, then the clerk or defendant to whom disbursement thereof has been made, as the case may be, shall pay such excess to petitioner.
Miss.Code Ann. § 11-27-27 (1972).
The MSHC presents a rather strained argument that the clerks’ statutory commission entitlement under Section 25-7-13(5) (Supp.1987) has no application to eminent domain cases. MSHC points to the language of Section 11-27-85 to the effect that the landowners “shall be entitled to receive the amount so paid to the clerk.” See Mississippi State Highway Commission v. Owen, 310 So.2d 920, 922 (Miss.1975). Arguing further, we are told that the entire amount cannot be paid to defendants if a percentage is retained by the clerk.
This is no occasion for a metaphysical inquiry into the nature of the special court of eminent domain. See, e.g., Mississippi State Highway Commission v. First Methodist Church, 323 So.2d 92, 93-95 (Miss.1975). The circuit clerk serves as clerk of the special court of eminent domain by virtue of the same commission and authority which empowers him to serve as clerk of the circuit court and county court. The fees statute governs his charges in whichever of these capacities he sits. Miss.Code Ann. § 25-7-13 (Supp.1987). Docketing fees imposed by Section 25-7-13(1)(a) are assessable in eminent domain cases, as are fees for filing papers, issuing summons and subpoenas, drawing jurors, etc. under Section 25-7-13(2).
In eminent domain cases the circuit clerk receives, handles and disburses substantial sums of money. The clerk is accountable for these funds. It is understood generally that the circuit clerk will handle substantial monies from time to time, and to that end we require of the clerk a bond before he enters upon his office. Miss.Code Ann. § 9-7-121 (1972). Were loss to occur in the handling of eminent domain funds, we have no doubt that the clerk and his surety would be liable therefor. Indeed, we observe that no new bond requirement was imposed when the quick take law went into effect. The statute provides that the clerk’s bond shall “cover all monies coming into the hands of the clerk by law or order of the court”, and the amount of the bond is subject to increase upon order of the court. Miss.Code Ann. § 9-7-121 (Supp.1987).
MSHC argues that the sole and only law governing the conduct of the court of eminent domain is found in Chapter 27, Title 11 of the Mississippi Code, as amended. The point need not be taken seriously. Our former discovery statutes were held applicable in eminent domain proceedings notwithstanding that they not be found in Chapter 27. See Barrett v. State Highway Commission, 385 So.2d 627 (Miss.1980). Nothing in Chapter 27 excludes application of any other part of the Section 25-7-13 fee schedule. Chapter 27 in and of itself is incomplete. To the extent that it makes provision for practice and procedure in eminent domain actions, it controls. See Rule 81(a)(7), Miss.R.Civ.P. Chapter 27 stands supplemented, however, by such rules of procedure, evidence and statute as other *213 wise apply to proceedings in the circuit or county court, as the case may be.
Each side makes arguments predicated upon notions of legislative intent. With confidence, we say that the words employed in the statutory enactments are the only credible source of legislative intent available. The general fee statute, Section 25-7-13(5), was reenacted in 1985 and contains the very simple and unmistakable language that the clerk may receive a commission “on all money coming into his hands.” No exception is found to the word “all”. It is the same word found in Section 9-7-121 governing the clerk’s bond. We hold that funds handled by the clerk in eminent domain actions are monies subject to the commission authorized under Section 25-7-13(5).
IV.
Our inquiry is not at an end. The question next becomes whether the clerk’s commission should be deducted from the monies handled by him before they are paid to the landowner defendant or, on the other hand, whether the commission must be paid by MSHC over and above the sums paid into court under Sections 11-27-27 and 11-27-85.
Section 25-7-13(5) uses the word “retain”. That word connotes a process whereby the clerk deducts his commission before paying the monies to the landowner defendant. Such an approach, however, encounters two serious problems. A property owner has a constitutional right to “due compensation”. Miss. Const. Art. 3, § 17 (1890). This Court has rejected the idea that the landowner may be assessed costs incident to an eminent domain proceeding, holding rather that the condemning authority of the state must pay such costs. In State Highway Commission v. Mason, 192 Miss. 576, 6 So.2d 468 (1942), this Court said:
There is not the full measure of due compensation required by the constitutional mandate if the owner is subjected to a diminution thereof by liability as to any part of the cost incurred....
192 Miss. at 597, 6 So.2d at 469. This principle has been repeated in Pearl River Valley Water Supply District v. Brown, 254 Miss. 685, 184 So.2d 407, 408-09 (1966). Not only may the landowner not constitutionally be assessed with costs in such a manner that diminishes his compensation received, we have a statutory mandate that the condemning authority “shall pay the costs of court.” Miss.Code Ann. § 11-27-27 (1972).
We interpret the rule regarding the clerk’s commission in harmony with the landowner’s constitutional rights to due compensation and the statutory mandate that the condemning authority pay the costs. Insistence upon a wooden reading of the word “retain” would defeat the clerk’s commission, notwithstanding the absence of any indication in our law that this ought be done. It would run wholly counter to the general tenor of the commission statute as applying to “all” monies coming into the clerk’s hands. Seen in this light, we hold that the commission awarded the clerk under Section 25-7-13(5) shall be paid by MSHC in addition to the sums deposited with the clerk.
V.
There remains one more matter to be considered. The briefs of the parties seem to assume that the commission is automatically one-half of one percent Qk of 1%) of the sums handled by the clerk. This ignores the plain language of the statute. The commission may not exceed one-half of one percent {lk of 1%). The amount of the commission, quite plainly, is to be determined by the court. The statute grants the court considerable discretion, ranging all the way from a nominal commission up to an amount “not exceeding one-half of one percent.”
In fixing the clerk’s commission, the court should exercise its discretion in light of the responsibility assumed by the clerk and as well the services rendered by the clerk. Suffice it to say that there is nothing in the statute that mandates that the commission is always one-half of one percent. We are confident that circuit courts *214 will act with reason and discretion in discharging their responsibilities under Section 25-7-13(5).
In the case at bar, the Circuit Court ordered that MSHC pay the clerk a commission set at one-half of one percent. In view of what we have just said, the amount of the commission should be vacated, though the decision to award a commission is affirmed. We remand to the Circuit Court with instructions that a commission be fixed in an amount consistent with this Section 25-7-13(5) and the reading we afford it in this opinion. MSHC should then be ordered to pay same to the clerk.
VI.
A postscript. We. have given the relevant rules the best reading we can. We recognize that the central rule of the law at issue here is a statute, an enactment of the legislature. Reading between the lines, the argument of MSHC is that the statute gives the circuit clerks a windfall in eminent domain cases. Conversely, we sense MSHC’s view that the overall costs of takings and hence the cost of continued development of our highway system will be significantly increased by this reading of the statute. We express no opinion on these points, for we consider them irrelevant to the statutory construction problem before us today. We merely note that the matter is susceptible of adjustment at any time the legislature sees fit, subject only to the proposition emanating from the Mason and Brown cases that assessment of a fee or commission may not be used to diminish the compensation received by the landowner.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
PRATHER, J., not participating.