ROBERTSON, Justice,
for the Court:
This eminent domain action raises a question of joinder of parties. An on-the-ground survey disclosed the possibility that a landowner may hold by adverse possession a sliver of land, record title to which is vested in an adjoining landowner not named as a defendant. The question is whether, in this action and before proceeding further, the condemning authority was required to join the adjoining landowner.
In order to provide an adequate water system for domestic use and fire protection, the City of Yazoo City determined to construct two new water tanks and to remove an existing tank to a new location. Sites were selected, and the City brought eminent domain proceedings to acquire the necessary land. One such proceeding was brought against Patricia Thomas Coats from whom the City seeks to take a small tract said to be 0.6449 acres in size. The County Court of Yazoo County awarded the property to the City and entered judgment on a jury award in Coats’ favor in the amount of $5,588.00.
Coats appeals, raising but one question requiring discussion.
On its southeast side, Coats’ land adjoins property record title to which is held by Bennie Tyus. The City’s surveyor found the Coats’ southeast possession line as marked by monuments and a fence to encroach slightly upon the Tyus property. Believing that Coats may well have acquired this narrow strip by adverse possession and acting out of an abundance of caution, the City identified the tract it wished to take from Coats by including the possibly disputed sliver.
Coats has resisted the taking vigorously and with a plethora of defenses. She asserted below; inter alia, that the case should be dismissed because the city had failed to join Tyus as a defendant. See Rules 12(b)(7) and 19(a), Miss.R.Civ.P. The Court rejected the point which Coats renews on this appeal.
The point is controlled by rules emanating in Chapter 27, Title 11 of the Mississippi Code, as amended, as supplemented by the Mississippi Rules of Civil Procedure. See Rule 81(a)(7), Miss.R.Civ.P.; Mississippi State Highway Commission v. Herban, 522 So.2d 210, 212-13 (Miss.1988); State Highway Commission of Mississippi v. Havard, 508 So.2d 1099, 1103 (Miss.1987). Miss.Code Ann. § 11-27-5 (1972) directs that “all owners of the affected property” be made parties but tells nothing of what should be done if one is left out.. There being no controlling statutory provision, we turn to our Rules of Civil Procedure.
We speak euphemistically of eminent domain petitions as proceedings against property, that they are in the nature of in rem actions. Crocker v. Mississippi State Highway Commission, 534 So.2d 549, 552 (Miss.1988); Evans v. Mississippi Power Co., 206 So.2d 321, 322 (Miss.1968); but see, Johnson v. Franklin, 481 So.2d 812, 815 n. 3 (Miss.1985); and Shaffer v. Heitner, 433 U.S. 186, 207, 97 S.Ct. 2569, 53 L.Ed.2d 683, 699-700 (1977). Seeing this helps us see our question: whether in this proceeding to take and extinguish the certain property rights personally held by Patricia Thomas Coats, the City was required to join Tyus and in the same action extinguish his rights as well.
Rule 19 “is an exception to the general practice of giving the plaintiff the right to decide who shall be parties to a lawsuit.” See official comment, Rule 19, Miss.R. Civ.P. Rule 19(a)(1) provides that a non-par *66 ty “shall be joined” if in his absence complete relief may not be afforded among those already parties. This poses no problem. In a proceeding such as this, Coats stands the risk of losing rights only in the property described in the complaint. The City, of course, obtains only the rights Coats holds in the property there described. In refusing to join Tyus, the City proceeds at its peril. Mississippi State Highway Commission v. West, 181 Miss. 206, 218, 179 So. 279, 282 (1938). It is difficult to see how Tyus’ absence would prevent the Court from granting complete relief between the City of Yazoo City and Coats.
Notwithstanding, Rule 19(a)(2) mandates that Tyus be joined if he claims an interest in the property and is so situated that disposition of the action in his absence may (1) as a practical matter impair or impede his ability to protect that interest or (2) leave any of the persons already parties to the action subject to substantial risks of double, multiple or otherwise inconsistent obligations. For aught that appears, Tyus claims an interest within the rule. We say this in the sense that record title to the sliver of land at issue appears vested in Tyus. On the other hand, we do not see how as a practical matter the failure to join Tyus will impair his ability to protect his interest. If the City wishes to condemn that interest, if it has not already been extinguished by adverse possession, the City must do so in a separate action. We see no way Coats may be subject to double, multiple or otherwise inconsistent obligations by Tyus’ absence. If the City wants to condemn more than Coats really owns and pay Coats for more than she really owns, so much the better for Coats. Yazoo City itself is the only party who may complain here, for it may well be that the City winds up paying twice for this sliver of land. The City is not complaining. See Dantzler v. Mississippi State Highway Commission, 190 Miss. 137, 199 So. 367, 371 (1941).
Shows v. Watkins, 485 So.2d 288 (Miss.1986) is not to the contrary. Shows was a boundary line dispute in which plaintiffs brought suit to cancel a quitclaim deed of homestead property for want of the grant- or’s wife’s signature consent. The suit was brought against the purchasers’ successor in title, without designating the immediate grantees of the quitclaim deed as parties, and the question was whether under Rule 19(b) the case could proceed in the grantees’ absence. The Court noted, “additionally, plaintiffs seek cancellation of an instrument to which the Garners are party, and the Garners are not before the Court as parties to this cause; and the Court is of the opinion that the Garners are necessary and indispensable parties to a suit which seeks to cancel a deed to them.” 485 So.2d at 290. “This case is one in which both the Showses and the Garners have an interest in the matter in controversy that cannot be determined without either affecting that interest or leaving the interest of those before the Court in a situation inconsistent with equitable principles.” Id. “An adjudication that the property was homestead property and that the Shows-Garner quitclaim deed was invalid would certainly have impeded the Garners’ ability to defend certain covenants made in their general warranty deed by which they purported to convey the disputed property to Mr. and Mrs. Watkins.” Id.
By way of contrast, Yazoo City is not seeking to terminate any interest Bennie Tyus has-in the sliver of land, only to take any and all interest Coats has in it. Nothing done here may as a practical matter impair or impede Tyus’ ability to protect his interest, if any, nor leave anyone who is complaining subject to possible multiple or inconsistent obligations.
In Ladner v. Quality Exploration Company, 505 So.2d 288 (Miss.1987), an action for subsurface damages, we held that Rule 19 required that the Court decline to proceed absent joinder of the holder of an undivided twenty-five percent mineral interest. The case at bar is different. There is no cotenancy here. The converse is the case. Either Coats or Tyus owns the sliver, but by no stretch of the imagination may we see how both may hold an interest.
Yazoo City prudently takes the view that Coats has an interest in the property included on her side of the fence by adverse *67 possession. Nonetheless, the condemnation proceedings do not settle that issue except by taking whatever interest Coats has. The City made no effort to prove that Coats adversely possessed the property, assuming the point and then proving but the value of the property. The City was perfectly willing to allow Coats to disclaim any interest in the property, but she declined. Unlike Quality Exploration, the City is willing to subject itself to multiple litigation. In all large eminent domain cases there are multiple landowners; some settle, some have their land taken in condemnation proceedings. Nothing in Rule 19 precludes that governmental bodies should be left to their own strategies.
This is not to say, however, that the City may not have joined Tyus, had it wished to do so, see Miss.Code Ann. § 11-27-5 (1972) and Rule 20(a) Miss.R.Civ.P.; or that Tyus could not have intervened upon timely application, see Rule 24, Miss.R.Civ.P. These questions are not before us and, of course, we express no opinion thereon.
We have considered the other points and issues tendered by Coats and find that none merit either discussion or reversal. The judgment of the County Court of Ya-zoo City, Yazoo County, Mississippi, is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.