JAMES, J., for the Court:
¶ 1. Harrison County Utility Authority (HCUA) initiated a quick-take condemnation action relating to certain land owned by Helen Peterson Walker, which was filed in the Harrison County Special Court of Eminent Domain. After an order was entered granting HCUA the right of immediate title to and possession of the property, Walker, her husband, James Walker Sr., and her son, James Walker Jr., filed a separate lawsuit against HCUA asserting that James Sr. and James Jr. held an interest in the property by virtue of a misfiled warranty deed. The trial court dismissed HCUA’s condemnation action, without prejudice, finding HCUA had notice of James Sr. and James Jr.’s interest in the property and failed to join them in the action. HCUA appealed. Finding error, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
¶ 2. On April 18, 2009, HCUA, an agency authorized by Mississippi law to acquire property by eminent domain, filed a complaint to acquire an easement over the subject property, the “Walker parcel,” located in the Second Judicial District of Harrison County. HCUA required the easement in order to bring water and wastewater to a new wastewater-treatment facility being constructed in Biloxi, Mississippi.
¶ 3. Prior to filing its compliant, HCUA engaged the services of an abstractor, who conducted a title search of the land records of the Second Judicial District of Harrison County. The search revealed that the property at issue had been owned by Walker, in fee simple, since 1954. On August 13, 2008, HCUA mailed Walker a Notice to Owner, informing her that HCUA was considering acquiring an interest in her property. According to HCUA, Walker’s son, James Jr., contacted HCUA’s counsel and informed HCUA that he had power of attorney for his mother and asked to be included in any further discussions regarding the proposed acquisition of the property.
¶ 4. On November 12, 2008, HCUA sent a Formal Offer of Purchase letter to Walker and to James Jr. The letter informed Walker that HCUA needed to acquire a 50-foot easement on the Walker parcel and offered $9,000 as compensation for the easement. On March 3, 2009, Walker sent a letter to HCUA’s counsel in which she stated that selling an easement was not an *611 option. The letter contained a counteroffer in which Walker offered to sell HCUA the entire four-acre parcel for $125,000 per acre. The letter was signed by Walker and James Jr. under power of attorney for Walker.
¶ 5. On April 13, 2009, HCUA filed a quick-take condemnation action in the Harrison County Special Court of Eminent Domain against Walker, as owner, and James Jr., as attorney-in-fact, and a Lis Pendens Notice. On May 18, 2009, the court appointed an independent appraiser. The appraisal was filed on May 27, 2009, valuing the easement to be worth $11,340. On June 5, 2009, HCUA deposited $11,340 with the clerk of the court. On June 8, 2009, the court issued an order granting HCUA immediate title and possession of the Walker parcel.
¶ 6. On February 2, 2010, Walker, James Sr., and James Jr. filed a separate action against HCUA alleging that HCUA inversely condemned the Walker parcel by failing to join all individuals with an interest in the property.[1] In that suit, the Walkers alleged that James Sr. and James Jr. possessed an interest in the property by virtue of a 2003 warranty deed by which Walker purportedly conveyed a life estate to herself and to James Sr. with a remainder to James Jr. The 2003 warranty deed was recorded on April 21, 2008. However, the deed was recorded in the First Judicial District of Harrison County rather than in the Second Judicial District where the property is located.
¶ 7. On February 10, 2010, HCUA filed a motion to amend its complaint in order to add James Sr. and James Jr.[2] as defendants.[3] Meanwhile, Walker filed a motion to dismiss. A hearing on the various motions was held on December 8, 2010. On December 29, 2010, the court entered an order denying Walker’s motion to dismiss and granting HCUA’s motion to amend. However, HCUA was unable to obtain service of process on James Sr. and James Jr., and on March 2, 2010, HCUA filed a notice of voluntary dismissal of non-joined defendants under Mississippi Rule of Civil Procedure 41(a)(1)®, dismissing James Sr. and James Jr. as defendants.
¶ 8. On April 21, 2011, Walker filed a motion for a protective order, claiming that HCUA was planning to enter the property to begin installing the water lines. While this motion was pending, HCUA began installation of water lines on the Walker parcel.
¶ 9. A hearing on Walker’s motion for a protective order was held on April 26, 2011. The trial court expressed some concern about HCUA’s decision to proceed while the motion for a protective order was pending. HCUA asserted that, as the owner of the easement property, it was authorized to begin construction. At the conclusion of the hearing, the trial court granted Walker’s motion for a protective order.
¶ 10. On May 4, 2011, the trial court granted Walker’s motion to dismiss, dismissing the case without prejudice. On May 11, 2011, HCUA filed a motion to reconsider and for relief from the order of dismissal. On February 2, 2012, the court entered an order ruling that Walker was entitled to attorney’s fees pursuant to Mis *612 sissippi Code Annotated section 11-27-37. In this order, the court granted Walker’s motion for an injunction ordering HCUA to remove the water line.
¶ 11. A final judgment was entered on May 1, 2012. The final judgment vacated the June 8, 2009 order that granted HCUA immediate title to and possession of the Walker parcel. Further, the court ordered HCUA to remove the water line previously installed on the property, and ordered HCUA to pay attorney's fees in the amount of $47,359.89.
¶ 12. HCUA appealed to this Court raising the following issues: (1) whether the 2003 warranty deed filed in the wrong judicial district, constituted notice to HCUA of James Sr. and James Jr.’s interest in the property; and (2) whether the trial court erred in finding that James Sr. and James Jr. were necessary parties and dismissing the action. Finding error, we reverse and remand for further proceedings below.
DISCUSSION
I. Mootness
¶ 13. Walker has filed an Amended Motion to Dismiss Appeal and Cross-Appeal as Moot. In response, HCUA has filed an Opposition to Appellees’ Amended Motion to Dismiss Appeal and Cross-Appeal as Moot. In her motion, Walker asserts that HCUA filed a second eminent-domain action seeking an easement across the Walker parcel in which it named and served Walker, James Sr., and James Jr.[4] According to the record exhibits attached to Walker’s motion, an order was entered on February 19, 2013, granting HCUA the easement. This second eminent-domain proceeding is not before this Court.
¶ 14. We have held that “[c]ases in which an actual controversy existed at trialt,] but the controversy has expired at the time of review, become moot.” Wilson v. Mallett, 50 So.3d 366, 368 (¶ 6) (Miss.Ct.App.2010) (quoting J.E.W. v. T.G.S., 935 So.2d 954, 959 (¶ 14) (Miss.2006)). “[T]he review procedure should not be allowed for the purpose of settling abstract or academic questions, and ... we have no power to issue advisory opinions.” Id.
¶ 15. Although it appears that HCUA has acquired the easement at issue, we find that this appeal is not moot. HCUA argues that the trial court erred in dismissing the case. As a result of that dismissal, the trial court awarded Walker $47,359.89 in attorney’s fees pursuant to Mississippi Code Annotated section 11-27-37. Thus, if the trial court erred in dismissing the case, the award of attorney’s fees would also be in error.
II. Whether the trial court erred in finding that James Sr. and James Jr. were necessary parties to the action.
¶ 16. HCUA argues that it had no notice of the 2003 warranty deed conveying an interest in the property to James Sr. and James Jr. Therefore, HCUA asserts that the trial court erred in finding that James Sr. and James Jr. were necessary parties to the condemnation action.
¶ 17. When this Court reviews questions of law, the proper standard of review is de novo. Miss. Tramp. Comm’n v. Fires, 693 So.2d 917, 920 (Miss.1997). This Court must reverse misapplications of the law. Id.
¶ 18. Upon dismissing the case, the trial court found, in pertinent part: “On or about [February] 10, 2010, [HCUA] knew of the ownership interests of [James Sr. *613 and James Jr.] in the property-Actual knowledge of the existence of a deed is the same as the filing of same at the correct courthouse.”
¶ 19. Rule 19(a) of the Mississippi Rules of Civil Procedure provides, in pertinent part, as follows:
(a) Persons to Be Joined [I]f Feasible. A person who is subject to the jurisdiction of the court shall be joined as a party in the action if:
(1) in his absence complete relief cannot be accorded among those already parties, or
(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant or, in a proper case, an involuntary plaintiff.
Mississippi Code Annotated section 89-5-3 (Rev.2011) provides:
All bargains and sales, and all other conveyances whatsoever of lands ... shall be void as to all creditors and subsequent purchasers for a valuable consideration without notice, unless they be acknowledged or proved and lodged with the clerk of the chancery court of the proper county, to be recorded in the same manner that other conveyances are required to be acknowledged or proved and recorded. Failure to file such instrument with the clerk for record shall prevent any claim of priority by the holder of such instrument over any similar recorded instrument affecting the same property [,] ... [b]ut as between the parties ... said instruments shall nevertheless be valid and binding.
(Emphasis added).
¶ 20. HCUA acquired its interest in the Walker parcel through the quick-take condemnation procedures set forth in Mississippi Code Annotated sections 11-27-1 though 11-27-49 (Rev.2004). HCUA filed its complaint on April 13, 2009, naming the record owner of the property. After the court-ordered appraisal was filed, HCUA deposited the full amount with the clerk. On June 8, 2009, the court entered an order granting HCUA the right to immediate title and possession.
¶ 21. Harrison County is divided into two judicial districts. The property at issue is located in the Second Judicial District. It is undisputed that the 2003 warranty deed conveying an interest in the property to James Sr. and James Jr., respectively, was filed in the First Judicial District of Harrison County. Thus, when HCUA conducted its title search in the land records of the Second Judicial District, it did not discover a record of the 2003 conveyance. Mississippi law provides that “a conveyance of land shall not be good against a purchaser for a valuable consideration without notice, or any creditor, unless it be lodged with the clerk of the chancery court of the county in which the lands are situated ....” Miss.Code Ann. § 89-5-1 (Rev.2011). In counties with multiple judicial districts, “the records of conveyances in such district shall be kept and have the same effect as if they were several counties.” Miss.Code Ann. § 89-5-41 (Rev.2011). We find that the filing of the deed in the wrong judicial district is tantamount to filing in the *614 wrong county and does not constitute constructive notice. Therefore, pursuant to Mississippi Code Annotated section 89-5-3, the 2003 warranty deed is void as to HCUA, which acquired its interest without notice of the misfiled deed.
¶ 22. The Mississippi Supreme Court has held that Rule 19 of the Mississippi Rules of Civil Procedure “is an exception to the general practice of giving the plaintiff the right to decide who shall be parties to a lawsuit.” Coats v. City of Yazoo City, 562 So.2d 64, 65 (Miss.1990). “Rule 19(a)(1) provides that a non-party ‘shall be joined’ if in his absence complete relief may not be afforded among those already parties.” Coats, 562 So.2d at 66 (quoting M.R.C.P. 19(a)(1)). We have found that the 2003 warranty deed is void as to HCUA. Thus, it is difficult to see how James Sr.’s and James Jr.’s absence would prevent the court from granting complete relief between HCUA and Walker. See id. Therefore, we find that James Sr. and James Jr. are not necessary parties pursuant to Rule 19(a)(1).
¶ 23. Rule 19(a)(2) mandates that James Sr. and James Jr. be joined if they claim an interest in the property and are so situated that disposition of the action in their absence may (1) as a practical matter impair or impede their ability to protect that interest or (2) leave any of the persons already parties to the action subject to substantial risks of double, multiple, or otherwise inconsistent obligations. We do not see how the failure to join James Sr. and James Jr. will impair their ability to protect their rights. Mississippi Code Annotated section 89-5-3 provides that an unrecorded conveyance, although void as to subsequent purchasers for value without notice, is nevertheless binding between the parties to the conveyance. Thus, if they claim an interest in the property, their claim is against Walker.
¶ 24. This is not a situation where record owners have no notice of the procedure against their property. As the record indicates, James Jr. was named in the complaint as Walker’s attorney-in-fact, and he has been involved in the matter from the time HCUA sent Walker a notice-to-owner letter in August 2008. Likewise, James Sr. has been aware of the proceeding since at least February 2010, when Walker filed the separate action. Upon learning of their alleged interest, HCUA attempted to join James Sr. and James Jr. but were unable to obtain service of process. Likewise, nothing prevented James Sr. and James Jr. from intervening pursuant to Rule 24 of the Mississippi Rules of Civil Procedure.
¶ 25. As a result of the erroneous dismissal, the trial court awarded Walker $47,359.89 in attorney’s fees pursuant to Mississippi Code Annotated section 11-27-37 (Rev.2004). Section 11-27-37 permits the award of attorney’s fees in eminent-domain cases when “the suit shall be dismissed by the plaintiff .... or the judgement be that the plaintiff is not entitled to a judgment condemning property....” HCUA did not voluntarily dismiss the condemnation action. Nor was there a finding that HCUA was not entitled to a judgment condemning the property. Here, the trial court erroneously dismissed the case without prejudice for HCUA’s failure to join necessary parties to the action. We have found that the trial court erred in dismissing the case. Therefore, we reverse the award of attorney’s fees.
¶26. Accordingly, we reverse the dismissal of the condemnation action and the award of attorney’s fees and remand this case to the trial court for proceedings consistent with this opinion.
¶ 27. THE JUDGMENT OF THE HARRISON COUNTY SPECIAL *615 COURT OF EMINENT DOMAIN IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. ISHEE AND CARLTON, JJ., NOT PARTICIPATING.

. Although that separate action is not before us on appeal, the allegations made in that action are pertinent to this appeal.

. James Jr. was named in the original complaint as attomey-in-fact.

.According to HCUA, HCUA never conceded that James Sr. and James Jr. possessed an interest in the property, but sought to add them as defendants out of caution and to ensure that all potential claimants could participate in the just-compensation proceeding.

. Civil Action No.: D2402-12-241.