HORACE STREET *v.* BENJAMIN L. SMITH.

1. JUDGMENTS. *Statutes of limitations. Code* 1892, § 2743. *New suit by assignee.*

A suit by the assignee of a judgment, within the period of limitation, is a full compliance with the statute and extends the lien of the judgment, under Code 1892, § 2743, providing that actions on judgments shall be brought within seven years after their rendition.

2. SAME. *Judgment roll. Notice. How lien extended.*

Under Code 1892, § 2743, requiring actions on judgments to be brought within seven years after the rendition thereof:

(*a*) The judgment roll, in case of a recovery in an action by an assignee of the judgment to renew the same, need not show the assignment or that the new judgment was based on the original assigned one; and

(*b*) The lien of a judgment can be extended only by the bringing of a suit thereon within the statutory period.

3. SAME. *Lien. Apparent bar. Renewal and extension. Code* 1892, § 2462.

Code 1892, § 2462, providing that, where the remedy to enforce any lien which is recorded appears by the record to have been barred

by limitations, the lien shall cease, as to creditors and *bona fide* purchasers, unless within six months after such remedy is so barred the fact that such lien has been renewed or extended appears by entry on the record, or by a new instrument filed for record within such time, has no application to judgment liens.

FROM the chancery court of Clay county.

HON. WILEY H. CLIFTON, Special Chancellor.

Smith, the appellee, was complainant, and Street, the appellant, defendant in the court below. From a decree overruling defendant's demurrer to complainant's bill defendant, Street, appealed to the supreme court.

The bill alleges that on January 6, 1892, J. H. L. Jerdine obtained a judgment in the circuit court of Clay county against Mrs. Lucy A. Munger for $1,432, which was regularly enrolled in the office of the circuit clerk of said county on the 14th day of January, 1892; that in 1899 complainant, for a valuable consideration, purchased from Jerdine said judgment, and it was regularly assigned and transferred to him; that before the judgment was barred by the statute of limitations an action was instituted by complainant against Mrs. Munger on said judgment, and it was revived against her in the name of complainant, and the new judgment was regularly enrolled in the office of the clerk of the circuit court of Clay county; that Mrs. Munger came into ownership of certain land described in the bill for life; that she afterwards conveyed portions of this land to the other defendants, and on the 4th day of February, 1901, gave a deed of trust on a part of the land to appellant, Horace Street, to secure an indebtedness to him which was unsatisfied. The bill prays for a cancellation of these several conveyances as clouds upon the title and as obstructions to the enforcement of complainant's judgment lien, and for the sale of the land under the judgment lien. Horace Street filed a demurrer to the bill, assigning the following cause of demurrer: It is shown by said bill that at the time of the execution of the deed of trust, mentioned in the bill as having been

executed to said Horace Street, the judgment mentioned in the bill against said Lucy A. Munger in favor of J. H. L. Jerdine, which is of record, appeared on the face of the record to have been barred by the statute of limitations more than six months prior to the execution of the said trust deed, and it does not appear by any entry upon the margin of the record of said judgment lien that said judgment had been extended or renewed, or a new lien noting the fact of the renewal had been filed for record, within six months after Jerdine's judgment appeared of record to be barred; that prior to the enrollment of Smith's judgment Mrs. Munger had executed the deed of trust to Horace Street, and the judgment therefore ceased to be a lien as against said Street. The demurrer was overruled.

*J. J. McClellan,* for appellant.

Under § 2462, Code 1892, the Jerdine judgment ceased to be a lien against subsequent purchasers or encumbrancers for a valuable consideration without notice in six months after it was shown on the record to be barred, as there was no memorandum on the record to show that it had been renewed or extended, neither had a new lien noting the fact of the renewal or extension of said judgment been duly filed for record within such time.

Why should not this section apply to judgment liens? Sec. 756, Code 1892, provides for the enrollment of judgments. Sec. 757 provides that a judgment so enrolled shall be a lien from the rendition of such judgment. The same section provides that judgments shall not be a lien unless so enrolled.

The section above referred to, sec. 2462, provides how renewal liens shall be recorded, in order to preserve and keep alive the lien from the time of the creation of the first lien. The sections above referred to afford an opportunity for parties holding judgments to have them enrolled and thereby create a lien in their favor on the property of the person against whom the judgments are held. They are also intended

to operate as notice to all parties who deal with such persons of the judgment liens on the property of such persons. The legislature saw proper to deal with the matter of how liens should be created and limited, and there is no good reason why sec. 2462 should not apply to judgment liens, but there is every reason why it should apply. It is clear that it was the purpose of the legislature to deal with all liens required to be recorded affecting the title to property or liens against property. Judgment liens certainly fall within this purview. If such was the purpose of the legislature, it is manifest that the enrollment of a renewal judgment must show on the face of the enrolled record the connection of the first judgment and the renewal judgment.

*Gilleylen & Leftwich,* for appellee.

Appellant relies in his brief on § 2462, Code 1892, as amended by ch. 98, Laws 1896. But this section of the code cannot properly be construed, save in connection with secs. 660, 756, 757, and 2750 of the same code. In fact, the whole body of our law must be looked to, and is looked to, in the construction of any statute. This requirement is not a hardship. *Klaus* v. *Moore,* 777 Miss., 701.

Noting "the fact of a renewal or extension of a lien" on the margin of the record thereof, as provided by the statute, was never intended to apply to judgments in reason and common sense. That provision was clearly intended to apply to deeds of trust, mortgages, mechanics' liens, and such like, contracts renewable by contracts and acts of the parties without the intervention of a court. A deed of trust can be kept alive by waiving the statute of limitation on the back of the note it secures in writing; and so on with other contractual liens. It was such liens the legislature would have the renewal of noted on the margin of the record. Judgment liens being only renewable by suit, no marginal entry was needed or contemplated.

TRULY, J., delivered the opinion of the court.

The demurrer of appellant was properly overruled. The judgment in favor of Jerdine against Mrs L. A. Munger was assigned in writing—so the bill avers—to appellee before the expiration of seven years from the rendition thereof. By suit in the name of the assignee of the judgment, brought within the time prescribed by § 2743, Code 1892, the lien of the judgment was extended under the operation of § 2743, Code 1892. This was a full compliance with all of the provisions of law governing the renewal and extension of the lien of judgment which were obligatory upon the appellee.

Sec. 2462, Code 1892, has no application to judgment liens. This is made manifest not only by the connection in which the section is used in the chapter devoted specially to "Lands and Conveyances," and dealing primarily with the registry laws of the state, but it also becomes evident from an examination of the language of the section when considered in connection with other code sections relating to the same subject-matter. Sec. 2462 recites that where the remedy to enforce any mortgage, deed of trust, or other lien on real or personal property which is recorded appears on the face of the record to be barred by the statute of limitation, the lien shall cease and have no effect as to creditors and *bona fide* purchasers, unless within six months after such remedy is so barred the fact that such lien has been renewed or extended appears by entry on the margin of the record thereof, or a new mortgage, deed of trust, or lien noting the fact of renewal or extension be duly filed for record within such time. It is apparent that the section was never intended to apply to liens of judgments after enrollment which exist only by virtue of express statutory provisions, because judgment liens are not recorded, within the meaning of this section, and because a judgment lien can neither be renewed nor extended by the creditor, debtor, or trustee, as required by ch. 98, p. 106, Laws 1896, amending sec. 2462. Again, no new lien can be executed and duly filed for record, as required by the

terms of this section, by which to note the fact of the renewal or
extension of the judgment lien. Sec. 2462 applies solely and
exclusively to liens which are created by contracts between the
parties, and which are evidenced by writing duly filed and
recorded under the registry laws. As such liens arise out of
the voluntary acts and agreements of the contracting parties,
so they may be renewed or extended by similar acts or agree-
ments, provided the fact of such extension or renewal be evi-
denced in the manner which the statute requires. The provi-
sion of law which permits all such contractual liens to be re-
newed or extended by agreement of the parties, by notation
upon the margin of the record, serves a twofold purpose: First
—It gives notice to all creditors and *bona fide* purchasers that
such lien was still in existence, and continued to rest, notwith-
standing the apparent bar by limitation, upon the specific
property therein mentioned. Second—It affords to the parties
themselves a simple, convenient, and inexpensive method of
extending the payment of the indebtedness secured by such
instrument without losing the lien granted as security therefor
and without the trouble and expense of preparing and record-
ing new instruments. But the lien of an enrolled judgment *is*
controlled by an entirely different and distinct legal principle.
A judgment lien is established only by a solemn and final
adjudication of a competent court, and takes effect as *against*
creditors and subsequent *bona fide* purchasers from the date,
not of its entry on the minutes of the court, but of its rendi-
tion, but only after due enrollment upon the judgment roll pro-
vided by law for the information of all concerned. And as the
judgment lien is created by the final decision of a court, so it can
only be renewed or extended by a similar process. The lien
of a judgment can be extended by the filing of another suit
upon the judgment before the expiration of seven years from
the date of the rendition thereof, and in no other manner. In
the instant case this course was followed by the appellee, and
the fact that he had obtained and held a judgment against Lucy

A. Munger appeared on the judgment roll—the proper place for such entry—not only within six months of the expiration of seven years from the rendition of the Jerdine judgment, but, in point of fact, several days before the lien of the Jerdine judgment had expired. The enrollment of the judgment rendered in favor of appellee by force of the statute renewed and extended the lien of the Jerdine judgment in his favor as assignee. The fact that the judgment roll did not show the assignment of the Jerdine judgment to appellee, or that the judgment in favor of appellee was based on the Jerdine judgment, does not in any wise affect the lien granted by law to the judgment creditor. The statute does not so require. An inspection of the judgment roll would have shown appellant that there was a judgment against Mrs. L. A. Munger, one of the parties who executed the trust deed to him, and who had originally owned all the lands included in that trust deed, and it would have shown, further, that there were judgments then in force against the said Mrs. L. A. Munger; and this was sufficient to put him on inquiry to ascertain whether the liens which they carried were in renewal and extension of former judgments also appearing on said roll and whether such liens had been properly kept alive and extended by suits filed in due time on such former judgments. It is not the judgment roll alone that a prospective purchaser must examine, but, if it shows judgments alive and unsatisfied, he must go farther and see what the records of the court show to have been the foundation of the suits in which the judgments were rendered. Had appellant adopted this course, the bill avers and the demurrer admits, he could readily have ascertained that the Jerdine judgment had been assigned to appellee, and that the lien thereof had been by appellee in due time and in proper manner kept alive and extended, and still rested upon the property on which Mrs. Lucy A. Munger and others executed to him a trust deed. The whole matter is regulated by statute, and appellee, having com-

plied with all the requirements of law, is entitled to its protection.

*Affirmed and remanded, with leave to answer within sixty days from the filing of the mandate in the court below.*