KIMBROUGH *v.* WRIGHT

No. 40535          October 7, 1957          97 So. 2d 362

*J. G. Colson,* Greenwood, for appellant.

*Bell & McBee,* Greenwood, for appellee.

Lee, J.

William Morgan Kimbrough appealed from a judgment of the Circuit court rendered against him on November 13, 1956, in favor of Mrs. Daisy P. Wright.

The record disclosed the following facts: A judgment had been rendered in favor of Mrs. Wright against Kimbrough on May 25, 1942. Thereafter, on March 22, 1949, less than 7 years from the date of the original judgment, Mrs. Wright filed a suit, founded on the 1942 judgment, and on November 9, 1949, judgment was rendered thereon. Again, before the lapse of 7 years, in fact on September 18, 1956, she filed a suit, founded on the 1949 judgment, and judgment thereon was rendered in her favor on November 13, 1956.

Appellant says that 7 years 5 months and 14 days elapsed between the entry of the 1942 and the 1949 judgments, and that 7 years and 4 days likewise elapsed between the entry of the 1949 and the 1956 judgments. He contends that the lien of the 1942 judgment expired on May 25, 1949, 7 years from the date of its original entry, and that likewise the 1949 judgment expired on May 25, 1956, 7 years from the date of the original entry, and that his plea of the statute of limitations should have been sustained.

Section 733, Code of 1942, provides as follows:

"All actions founded on any judgment or decree rendered by any court of record in this state, shall be brought within seven years next after the rendition of such judgment or decree, and not after; and an execution shall not issue on any judgment or decree after seven years from the date of the judgment or decree."

It is clear from the above statute that the time within which the action must be brought is 7 years "next after the rendition of such judgment or decree, and not after". See Street v. Smith, 85 Miss. 359, 37 So. 837, where it is pointed out that the effective method to extend the judgment lien is by filing another suit upon the judgment before the expiration of 7 years from the date of the renditon thereof.

858

■■ ■ In each instance, Mrs. Wright brought her suits and obtained process before the lapse of 7 years from the dates of rendition of the judgments. Such institution of suits effectively stopped the running of the statutes of limitations. Swalm v. Sauls, 141 Miss. 515, 106 So. 775; Beck v. Tucker, 147 Miss. 401, 113 So. 209.

The plea was without merit and the judgment of the trial court is affirmed.

Affirmed.

*Roberds, P. J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.