383 So.2d 1389 (1980)
ANDERSON-TULLY COMPANY
v.
Wesley C. BROWN.
No. 51956.
Supreme Court of Mississippi.
May 28, 1980.
Ward, Martin, Terry & Way, Wren C. Way, Vicksburg, for appellant.
G.K. (Jed) Mihalyka, Vicksburg, for appellee.
Before SMITH, BROOM and COFER, JJ.
BROOM, Justice, for the Court:
Garnishment of wages based upon a judgment against which the seven year statute of limitations has run is the salient feature of this case appealed from the Circuit Court of Warren County. Appellee Wesley C. Brown was judgment debtor to one Alfred Cook who obtained a $200,000 default judgment (judgment of liability dated April 21, 1970, judgment on amount dated May 15, 1970) against Brown in a tort action filed in said court. On July 14, 1970, Cook obtained a writ of garnishment against Brown's employer, the appellant Anderson-Tully Company, returnable to October 2, 1970. The writ was properly served upon Anderson-Tully who, without ever answering the writ, beginning August 7, 1970 and continuing over eight years until April 1, 1979, withheld $10 weekly from Brown's wages. This litigation relates to sums withheld after May 14, 1977 on which date Cook's judgment against Brown lapsed by the running of the seven year statute of limitations. The lower court on April 26, 1979 entered its order holding:
[T]he expiration of the judgment on said date extinguished both the right and remedy of the judgment holder, Cook, against Brown by operation of law ... *1390 Anderson Tully Company was charged with knowledge thereof and wrongfully withheld and paid over the amount of $890.00 to the judgment holder, Cook, thereby entitling Brown to reimbursement of all of said funds illegally withheld... .
Mississippi Code Annotated § 11-35-25 (1972) provides, among other things that one "summoned as a garnishee shall answer on oath... ." According to the record, instead of filing any answer to the writ of garnishment, Anderson-Tully withheld $10 a week from Brown's wages and paid it directly to the attorney for judgment holder Cook. Withholding of the wages was done on a purely informal understanding between Anderson-Tully and Cook's attorney. In complete disregard of the fact that the judgment upon which the garnishment was founded expired on May 15, 1977, Anderson-Tully continued to withhold the sum of $10 weekly from Brown's wages through April 1, 1979. Testimony was that the garnishment based upon such a large judgment, $200,000, was a matter of amusement in the office of Anderson-Tully. Another interesting bit of testimony is that Anderson-Tully's policy was not to file answers on garnishment writs served upon the company.
Under Mississippi Code Annotated § 15-1-43 (1972), after seven years a judgment as well as an execution thereon effectively lapses. According to Mississippi Code Annotated § 15-1-47 (1972), a judgment lien expires in seven years unless suit is brought on the judgment. In commenting on judgments rendered by courts in Street v. Smith, 85 Miss. 359, 37 So. 837 (1905), we held that a judgment lien:
[C]an be extended by the filing of another suit upon the judgment before the expiration of seven years from the date of the rendition thereof, and in no other manner. (85 Miss. at 364, 37 So. at 838).
In the case now before us it is undisputed that no suit was filed to renew or extend the judgment which Cook had obtained against Brown, and the seven year statute had run. The law is clearly established in this state that a garnishment proceeding is no longer valid upon the facts of this case after lapsing of the judgment upon which garnishment is issued. Once Cook's judgment against Brown became extinguished by the running of the limitations statute, judgment creditor Cook had no "valid claim to the funds in controversy." Grace v. Pierce, 127 Miss. 831, 838, 90 So. 590, 592 (1922). Our opinion in Grace further provides that the issuance of a writ of garnishment:
[B]efore the bar of the statute attached did not serve to extend or keep alive the lien of these judgments ... the judgment lien is created by the final decision of a court, so it can only be renewed or extended by a similar process. The lien of a judgment can be extended by the filing of another suit upon the judgment before the expiration of seven years from the date of the rendition thereof, and in no other manner. (127 Miss. at 837-8, 90 So. at 592).
As far back as 1895, we held that after the running of the limitations period pursuant to what is now Mississippi Code Annotated § 15-1-3 (1972) there is the resulting extinguishment of "the right as well as the remedy." Proctor v. Hart, 72 Miss. 288, 16 So. 595 (1895). More recently, in Hawkins v. Southern Pipe & Supply Company, 259 So.2d 696 (Miss. 1972) we followed the rule of Proctor v. Hart, supra.
Upon this record, wherein it is clear that Anderson-Tully totally failed in its statutory duties (answer the writ) under Mississippi Code Annotated § 11-35-25, supra, the lower court correctly ordered that Anderson-Tully pay over the funds which had been withheld from Brown's wages after the seven year limitation statute had run against the judgment. Our decision in State Farm Mutual Automobile Ins. Co. v. Sampson, 324 So.2d 739 (Miss. 1975) provided that if a garnishee "surrenders to a *1391 person not entitled thereto, or pays a garnishor more than the garnishor is entitled to, he is not relieved from liability, but will be required to make up any overpayment." Sampson states that the garnishee is a stakeholder and "must not voluntarily do anything to prejudice the parties and may not, except at his own peril, transfer the property or make a voluntary payment."
Also under Sampson, such "garnishee is charged with the custody and preservation of the garnished debt or property pending the outcome of the litigation unless he surrenders the property to the officer serving the writ." Undisputed facts in this case are that Anderson-Tully did not comply with the commands of our garnishment statutes; did not tender the money which they withheld from Brown's wages to the court; and did not pay the officer serving the writ. Rather, it chose to pay Brown's money to Cook's attorney under an informal agreement. Anderson-Tully filed no answer as required by the statutes, and upon this record is liable to Brown for the monies wrongfully withheld. A writ of garnishment, like all other legal writs, must be responded to in accordance with pertinent statutes and one who makes a decision not to respond according to the statute does so at his peril. Accordingly, the lower court correctly held that Anderson-Tully must pay over to Brown the funds wrongfully withheld (after the judgment lapsed) from his wages and accordingly, the case must be affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.