CHANDLER, Justice,
for the Court:
¶1. This is a direct appeal from the Coahoma County Circuit Court’s dismissal of a garnishment action as time-barred by the seven-year limitations period.[1] We affirm the circuit court.
FACTS AND PROCEEDINGS BELOW
¶ 2. This is the third appeal this Court has decided arising out of litigation over a defective combine Edward J. Johnson Jr. purchased from Parker Tractor & Implement Co., Inc. (“Parker Tractor”) in 1994. First, in 2002, this Court affirmed a $90,000 circuit-court judgment in favor of Johnson. (“State I ”).[2] In State I, Deere & Co. (“Deere”) defended Parker Tractor. The judgment was enrolled on February *1034 18, 1998. Parker Tractor’s appeal bond and notice of Appeal were filed on March 18, 1998. This Court issued a mandate affirming the judgment on January 31, 2002.[3]
¶ 3. Second, in 2009, this Court affirmed the enforceability of the State I judgment. (“State I/”).[4] State II arose after First National Bank of Clarksdale filed a garnishment action against Johnson in the County Court of Coahoma County, hoping to access his $90,000 judgment in order to satisfy an unrelated promissory note Johnson owed the bank. Deere intervened in this action and filed a motion for summary judgment, alleging that the $90,000 judgment against Parker Tractor was unenforceable in light of a federal “take-nothing” judgment resolving litigation between Deere and Johnson over nonpayment for the combine. (“Federal I ”).[5] The county court denied Deere’s summary judgment motion. The court’s denial included the following language: “[s]hould Deere & Company petition for interlocutory appeal and should that petition be granted, this matter will be stayed pending the outcome of the interlocutory appeal.” This Court granted Deere’s interlocutory appeal, and the order granting the appeal concluded by stating “IT IS FURTHER ORDERED that all trial court proceedings are hereby stayed pending disposition of the appeal.” This Court ultimately affirmed the county court’s denial of Deere’s summary judgment motion. The State II mandate was issued on July 9, 2009.
¶ 4. Johnson then proceeded in October 2009 to file the instant writ of garnishment in circuit court. This was Johnson’s first action to collect the judgment. The circuit court held the garnishment action time-barred because, after taking into account the valid stays associated with Parker Tractor’s unsuccessful direct appeal in State I, more than seven years had passed since the judgment was first enrolled. Johnson argues on appeal that the statute of limitations did not run against him for the 668 days the bank’s county-court garnishment action was stayed pending the outcome of the interlocutory appeal in State II, and that the statute has therefore not run. We disagree and affirm the circuit court’s dismissal of Johnson’s garnishment action as time-barred.
DISCUSSION
I. THE STATUTE OF LIMITATIONS HAS RUN ON JOHNSON’S JUDGMENT.
¶ 5. We review statute-of-limitations issues de novo. Townes v. Rusty Ellis Builder, Inc., 98 So.3d 1046, 1050 (Miss.2012). In Mississippi, the life of a judgment is seven years:
[a]ll actions founded on any judgment or decree rendered by any court of record in this state, shall be brought within seven (7) years next after the rendition of such judgment or decree, or last renewal of judgment or decree, whichever is later.
*1035 Miss.Code Ann. § 15-1-43 (Rev.2012). Furthermore:
A judgment or decree rendered ... shall not be a lien on the property of the defendant therein for a longer period than seven years from the rendition thereof, unless an action be brought thereon before the expiration of such time. However, the time during which the execution of a judgment or decree shall be stayed or enjoined by superse-deas, injunction or other process, shall not be computed as any part of the period of seven years.
Miss.Code Ann. § 15-1-47 (Rev.2012) (emphasis added).
¶ 6. Johnson presents several arguments to support his proposition that the statute of limitations has not yet run. First, Johnson argues that this Court stayed his final circuit-court judgment in our order granting Deere’s interlocutory appeal in State II. We disagree. Mississippi Rule of Appellate Procedure 5(f) provides: “[t]he petition for [interlocutory] appeal shall not stay proceedings in the trial court unless the trial judge or the Supreme Court shall so order.” In granting the interlocutory appeal in State II, we stated: “IT IS FURTHER ORDERED that all trial court proceedings are hereby stayed pending disposition of the appeal.” But the “trial court proceedings” referenced in our order was the underlying action to the interlocutory appeal — the bank’s county-court garnishment action against Johnson. Johnson’s circuit-court judgment was not the underlying proceeding and was therefore not stayed by the order granting interlocutory appeal.[6]
¶ 7. Johnson also argues that, since the subject matter of the appeal in State II was whether or not his judgment was enforceable, he was automatically legally enjoined from bringing an action to collect the judgment, because if Deere had prevailed, Johnson would have had no judgment to enforce. Mississippi Code Section § 15-1^47 states:
When any person shall be prohibited by law, or restrained or enjoined by the order, decree, or process of any court in this state from commencing or prosecuting any action or remedy, the time during which such person shall be so prohibited, enjoined or restrained, shall not be computed as any part of the period of time limited by this chapter for the commencement of such action.
¶ 8. But Johnson was not legally enjoined from bringing an enforcement action of his own while the bank’s garnishment action was stayed, even if Parker Tractor’s likely response to such an action would have been to request a stay pending the outcome of the interlocutory appeal. The stay of a judgment rarely occurs automatically; one notable exception is that under federal statute, the commencement of bankruptcy proceedings operates to automatically stay judgments such as the one at hand. See Trustmark Nat’l Bank v. Pike County Nat’l Bank, 716 So.2d 618 (Miss.1998). Johnson attempts to rely on *1036 Trustmark for the proposition that he was enjoined automatically from bringing an action to- collect, but here, unlike the bankruptcy proceeding in Trustmark, no proceeding occurred which operated as an automatic stay of Johnson’s judgment. The mere circumstance that the enforceability of the final circuit-court judgment was the subject matter of an appeal in a different party’s garnishment action in county court did not operate to enjoin Johnson from attempting to collect the judgment.
¶ 9. In addition to his failure to bring a timely action to collect, Johnson failed to take advantage of the many procedural mechanisms available to him to extend the life of his judgment. He did not request the circuit court or this Court to enter a stay on the judgment as permitted by Mississippi Rule of Appellate Procedure 8(b) and (c). Nor did he sue to renew the judgment for another seven years (or file a notice of renewal) as permitted under Mississippi Code Section 15-1-8.
¶ 10. The consequence, by statute, is that the judgment has been extinguished: “[t]he completion of the period of limitation prescribed to bar any action, shall defeat and extinguish the right as well as the remedy.” Miss.Code Ann. § 15-1-8 (Rev.2012). Johnson therefore cannot bring a valid garnishment action, as he has attempted to do here. “The law is clearly established in this state that a garnishment proceeding is no longer valid .... after lapsing of the judgment upon which garnishment is issued.” Deposit Guar. Nat’l Bank v. Biglane, 427 So.2d 945, 952 (Miss.1983). “The garnishment judgment is only for the purpose of enforcing the payment of the main judgment, and if there be no main judgment to enforce ... then the purpose and life of the judgment against the garnishee is ended.” Grace v. Pierce, 127 Miss. 831, 90 So. 590, 592 (1922).
¶ 11. Calculating and keeping track of statute-of-limitations deadlines is an important professional responsibility lawyers owe to their clients. See Broome v. Mississippi Bar, 603 So.2d 349 (Miss.1992). Here, the seven-year statute was tolled for 1,416 days during the direct appeal of State I. The statute began to run again when the mandate was issued on January 31, 2002.[7] As of that date, six years, eleven months, and two days remained, making the date of expiration January 2, 2009. None of the proceedings subsequent to the State I mandate operated to toll the statute of limitations. Johnson’s first garnishment action was filed months after the statute had run, and is therefore time-barred.
II. PARKER TRACTOR IS NOT ES-TOPPED FROM ASSERTING THE STATUTE-OF-LIMITATIONS DEFENSE.
1112. Alternatively, Johnson argues that Parker Tractor is estopped from asserting the statute-of-limitations defense, because in State II and Federal II, Deere argued that the judgment was not enforceable, and Parker Tractor therefore is arguably taking an inconsistent position *1037 by asserting that the judgment is enforceable but time-barred.
¶ 18. But a necessary element of estoppel is that the estopped party previously benefitted by adopting the earlier, inconsistent position. “Judicial estoppel precludes a party from asserting a position, benefitting from that position, and then, when it becomes more convenient or profitable, retreating from that position later in the litigation.” Dockins v. Allred, 849 So.2d 151, 155 (Miss.2003). In its order finding the garnishment action time-barred, the circuit court stated:
Parker Tractor earlier in the procedural history litigated the validity of the judgment using various theories, all of which prove to be unsuccessful. Now its position is that if the judgment was ever valid, it is now invalid, as it is time barred. Here, Parker Tractor did not change its position. Even if it did change, it did not benefit from its earlier position. Thus, Johnson cannot prevail on his judicial-estoppel claim.
The circuit court is correct. Parker Tractor never prevailed on the argument that the judgment was uneforceable. Therefore, if Parker Tractor is indeed now taking an inconsistent position, the doctrine of estoppel will not apply.
CONCLUSION
¶ 14. Unfortunately, twenty years and multiple successful litigations after his cause of action accrued, Johnson has failed to bring a timely action to enforce or extend the life of his judgment. Aside from the stays associated with the direct appeal of the original judgment, no other stays on the judgment were requested, ordered, or occurred automatically. Additionally, Parker Tractor is not estopped from using the statute-of-limitations defense. The judgment of the Coahoma Circuit Court dismissing the garnishment action as time-barred is affirmed.
¶ 15. AFFIRMED.
WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, PIERCE, KING AND COLEMAN, JJ„ CONCUR.

. See Miss.Code Ann. § 15-1-47 (Rev.2012).

. Parker Tractor & Implement. Co. v. Johnson, 819 So.2d 1234 (Miss.2002) (“State I”).

. On February 21, 2002, Johnson filed a motion to amend and correct the mandate. An amended mandate was issued on June 30, 2005.

. Parker Tractor & Implement Co. v. Johnson, 12 So.3d 516 (Miss.2009) ("State II").

. See Deere & Co. v. Johnson, 271 F.3d 613 (5th Cir.2001) ("Federal I"). In Federal I, Deere sued Johnson for non-payment on the combine and Johnson filed a compulsory counterclaim. Later, in "Federal II,” Deere again filed suit against Johnson, arguing that State I was not enforceable under an exception to the Anti-Injunction Act. The Fifth Circuit affirmed dismissal of Federal II in 2003. See Federal II: Deere & Co. v. Johnson, 67 Fed.Appx. 253 (5th Cir.2003).

. Johnson also argues that the judgment was stayed by the trial court’s order denying Deere's motion for summary judgment, which stated: ’’[s]hould Deere & Company petition for interlocutory appeal and should that petition be granted, this matter will be stayed pending the outcome of the interlocutory appeal." (Emphasis added.) This Court found in State II that ”[w]e know of no statute, rule or constitutional provision which permits a county court to invalidate a judgment rendered by a Mississippi circuit court and affirmed by this Court. Such attacks on a judgment are properly within the purview of Rule 60 of the Mississippi Rules of Civil Procedure.” Deere & Co. v. First Nat’l Bank, 12 So.3d at ¶ 26. The county court therefore would lack the authority to stay the circuit-court judgment, even had it purported to do so.

. Johnson appears to suggest that his motion to clarify the mandate of State I tolled the statute of limitations. The comment to Mississippi Rule of Appellate Procedure 40 states:
A motion for rehearing should be distinguished from a motion for clarification or correction of opinion. Such a motion, filed in the manner and form prescribe by Rule 27, does not seek to alter the judgment of the court, and will not stay the mandate.
Only a timely motion for rehearing or petition for writ of certiorari in the United States Supreme Court will stay the mandate. See Miss. R. App. P. 40 & 41(c). Johnson’s motion to amend the mandate did not toll the statute.