# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-CA-01587-SCT

*QUALITY DIESEL SERVICE, INC.*

*v.*

*TIGER DRILLING COMPANY, LLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/03/2014 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN, III |
| TRIAL COURT ATTORNEYS: | SUSAN D. McNAMARA |
| | BARRY DOUGLAS HASSELL |
| | IAN AUSTIN |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | SUSAN D. McNAMARA |
| | ROBERT NEILL BRYANT |
| ATTORNEYS FOR APPELLEE: | C. DALE SHEARER |
| | BARRY DOUGLAS HASSELL |
| | IAN AUSTIN |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 01/07/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     This case presents an issue of first impression concerning Mississippi's garnishment law: When a party gets a judgment, timely executes a writ of garnishment, and timely initiates a garnishment proceeding, is that party required to renew the underlying judgment to collect the "property in the hands of the garnishee belonging to the defendant" at the time the garnishment proceeding was filed,[1] to defeat the running of the statute of limitations?

---

[1] *See* Miss. Code Ann. § 11-35-23 (1) (Supp. 2015).

Because we hold that a party is not required to renew the underlying judgment to collect such property under these circumstances, we reverse and remand.

**FACTS AND PROCEDURAL HISTORY**

¶2. On January 5, 2004, Quality Diesel Service, Inc. ("Quality Diesel") obtained a judgment against Gulf South Drilling Company, LLC ("Gulf South"). Then, after learning that Tiger Drilling Company, LLC ("Tiger Drilling") was indebted to Gulf South in the amount of $1,717,390.21, Quality Diesel had writs of garnishment issued and served on Tiger Drilling on June 29, 2004; March 2, 2005; August 24, 2005; January 18, 2006; and October 6, 2006. All of Tiger Drilling's answers to the writs were almost identical, stating that Tiger Drilling was indebted to Gulf South but that the debt was not yet due. On November 29, 2006, Quality Diesel contested Tiger Drilling's responses by filing a Petition to Controvert Answers to Garnishments, specifically contesting Tiger Drilling's answer to the writ issued on January 18, 2006.

¶3. On March 14, 2014, Tiger Drilling filed a motion to dismiss the garnishment proceeding. On October 3, 2014, the Rankin County Circuit Court granted dismissal on the ground that the underlying judgment had expired while the case was pending. On appeal, Quality Diesel contends that, because the underlying judgment was valid when the writs of garnishment were issued and served—and when it filed its Petition to Controvert—it can maintain a garnishment proceeding against Tiger Drilling, despite the fact that the underlying judgment has since lapsed.

2

**STANDARD OF REVIEW**

¶4.    A motion to dismiss raises a question of law.[2] Questions of law are reviewed by this Court *de novo*.[3] "The scope of review of a motion to dismiss is that the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim."[4] The same standard applies when this Court is tasked with determining whether a trial court's granting a motion to dismiss was erroneous.[5]

**DISCUSSION**

> **A party who timely executes a writ of garnishment and timely initiates a garnishment proceeding is not required to renew the underlying judgment to collect the property that was in the hands of the garnishee at the time the writ of garnishment was served.**

¶5.    Quality Diesel presents us an issue of first impression. The trial court dismissed Quality Diesel's petition because the underlying judgment—upon which the garnishment proceeding was based—had lapsed while the case was still pending. Specifically, the trial judge ruled:

> Under Mississippi Code §§ 15-1-43 and 15-1-47, a judgment must be renewed within seven years after it is rendered, or it expires and ceases to be a lien on the judgment defendant's property. Because Quality Diesel did not timely file any action or notice to renew its judgment against Gulf South, that judgment

---

[2] *Tucker v. Hinds Cty.*, 558 So. 2d 869, 872 (Miss. 1990).

[3] *City of Belmont v. Mississippi State Tax Comm'n*, 860 So. 2d 289, 295 (Miss. 2003).

[4] *Id.* at 295.

[5] *McFadden v. State*, 542 So. 2d 871, 875 (Miss. 1989).

3

has expired. "A valid judgment is essential to the validity of a garnishment proceeding, and when a judgment upon which a writ of garnishment is founded i[s] extinguished by the bar of the statute, the garnishment proceedings likewise fail. As in **Anderson-Tulley**, this "garnishment proceeding is no longer valid . . . after lapsing of the judgment upon which [the] garnishment [was] issued," and the Court finds that this garnishment proceeding should be dismissed.[6]

¶6. The statute sets a limit on when actions "shall be *brought,*" requiring that they be filed "within seven (7) years."[7] The statute does not speak to actions that were brought during the seven-year limitation period and, therefore, does not speak to the garnishment actions on the underlying judgment against Gulf South. Stated another way, the Hinds County Circuit Court rendered the relevant Mississippi judgment on January 5, 2004—and seven years later—on January 5, 2011, that judgment lapsed *as to any action not filed* within the seven-year period.

¶7. Quality Diesel filed its Petition to Controvert on November 29, 2006—well within the seven-year period. Quality Diesel also had five writs of garnishment issued and served on Tiger Drilling between 2004 and 2006—again within the seven-year period. Contrary to the trial court's order, the underlying judgment had not lapsed as to Quality Diesel's timely issued writs of garnishment and timely filed garnishment contest.

¶8. Mississippi Code Section 15-1-47 states "a judgment or decree rendered in any court held in this state shall not be a lien on the property . . . for a longer period than seven years from the rendition thereof, *unless an action be brought thereon before the expiration of such*

---

[6] (Internal citations omitted.)

[7] Miss. Code Ann. § 15-1-43 (Rev. 2012) (emphasis added).

4

*time*."[8]  If an action is brought within seven years from the date the judgment was entered, then—in accordance with the unequivocal language of the statute—the lien on the judgment remains.[9]  Quality Diesel brought an action within the seven-year period.  So the trial judge erred when he ruled that it "ceases to be a lien on the judgment defendant's property."

¶9.     The clear language of the garnishment statute also contradicts the trial court's ruling.  "All property in the hands of the garnishee belonging to the defendant *at the time of the service of the writ of garnishment shall be bound* by and subject to the lien of the judgment, decree or attachment on which the writ shall have been issued."[10]  The proper inquiry, therefore, is whether a valid underlying judgment existed *at the time* the writs of garnishment were served.  The trial judge held the erroneous view that a valid underlying judgment must exist at the time he adjudicates the contest, even though the garnisher sought property possessed by the garnishee in 2006—when it issued the writ—not in 2014, when the dispute reached the judge for adjudication.  If the judge's view were correct, the garnisher had to recover, or collect, within seven years under Section 15-1-47.  This view is simply not supported by the applicable statutes.  Nor is it supported by any caselaw from this Court.

¶10.    Tiger Drilling, however, argues that this Court's prior holdings require the Court to affirm the dismissal.  In *Grace v. Pierce*, this Court held that "a valid judgment is essential

_____

[8] Miss. Code Ann. § 15-1-47 (Rev. 2012) (emphasis added).

[9] *See **Buckley v. Nuckols & Assoc. Sec., Inc.***, 2007 WL 4287560, at *5 (S.D. Miss. Dec. 6, 2007).

[10] Miss. Code Ann. § 11-35-23 (Supp. 2015) (emphasis added).

5

to the validity of a garnishment proceeding."[11]  The facts in *Grace*, however, are easily distinguishable from those presented here.  In *Grace*, the Court was presented only with the question of whether the issuance of the writs of garnishment—by itself—tolled the statute of limitations.[12]  In the case presently before this Court, not only were the writs of garnishment executed and served within seven years, a real "action"—Quality Diesel's Petition to Controvert—was commenced within seven years.

¶11.    Tiger Drilling also relies on *Anderson-Tully Co. v. Brown,* in which this Court again acknowledged that "a garnishment proceeding is no longer valid . . . after lapsing of the judgment upon which the garnishment is issued."[13]  *Anderson-Tulley* has no relevance to the facts presented here.  In that case, after writs of garnishment had been issued, the garnishee began withholding from the employee's wages.[14]  The employer continued to withhold money from the employee's wages after the judgment had lapsed, and the employee sued.[15]  This Court held that the employer wrongfully had withheld from the employee's wages and ordered it to pay over those funds.[16]

¶12.    *Anderson-Tulley* merely holds that the garnisher cannot collect any property in the hands of the garnishee *after* the underlying judgment has lapsed.  In this case, Quality Diesel

---

[11] *Grace v. Pierce*, 90 So. 590, 592 (Miss. 1922).

[12] *Id.*

[13] *Anderson-Tully Co. v. Brown*, 383 So. 2d 1389, 1390 (Miss. 1980).

[14] *Id.*

[15] *Id.* at 1389–90.

[16] *Id.* at 1390.

6

does not argue it should be allowed to collect any property in the hands of Tiger Drilling after the judgment lapsed. Instead, Quality Diesel merely argues it can collect any property that was in the hands of Tiger Drilling *at the time* the writs were served and the garnishment proceeding was initiated. At all relevant times, the underlying judgment was valid, and so the logic of ***Anderson-Tulley*** is inapplicable.

¶13. We hold that where a party commences a garnishment proceeding at a time when the underlying judgment is still valid, the statute of limitations for actions on judgments is tolled as to that particular party as to funds—due to the judgment debtor—that actually were in the hands of the garnishee at the time the garnishment proceeding was initiated and at the time the underlying judgment was valid. A garnisher is not entitled to those funds, due to the judgment debtor, which came into the garnishee's hands only *after* the underlying judgment had lapsed.

### CONCLUSION

¶14. Quality Diesel was not required to renew its underlying judgment against Gulf South for it to maintain its timely filed garnishment proceeding against Tiger Drilling, and the trial court erred in holding otherwise. So we reverse the judgment of the Circuit Court of Rankin County and remand for further proceedings consistent with this opinion.

¶15. **REVERSED AND REMANDED**.

**LAMAR, KITCHENS, KING AND COLEMAN, JJ., CONCUR. PIERCE, J., DISSENTS WITH SEPARATE WRITTEN OPINION. WALLER, C.J., RANDOLPH, P.J., AND MAXWELL, J., NOT PARTICIPATING.**

**PIERCE, JUSTICE, DISSENTING:**

¶16. I agree with the majority that this case presents an issue of first impression. That said, however, I find that a party who receives a judgment in his or her favor must renew that judgment before the statute of limitations has expired – under Mississippi Code Sections 15-1-43 and 15-1-47, that is, within seven years. *See* Miss. Code Ann. §§ 15-1-43, 15-1-47 (Rev. 2012). This falls in line with the general rule that "a valid judgment is essential to the validity of a garnishment proceeding." *Grace v. Pierce*, 90 So. 590, 592 (Miss. 1922). Thus, while a party may possess an enforceable judgment during the seven-year statutory period, that party also possesses a duty to ensure the judgment is properly renewed before the statutory bar renders it null and void. Where a party fails to re-enroll the judgment, and therefore allows the judgment to lapse, that judgment is no longer properly enrolled, and as such, "shall not be a lien on the property of the defendant . . . ." Miss. Code Ann. § 15-1-47. Because Quality Diesel allowed the underlying judgment against Gulf South to lapse, I would hold it is not entitled to relief from Tiger Drilling. Accordingly, I would affirm the circuit court's grant of Tiger Drilling's motion to dismiss.