# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00377-COA

**KEITH PATRICK SMITH**                                                                 **APPELLANT**

**v.**

**MARY BRYANT SMITH**                                                                  **APPELLEE**

DATE OF JUDGMENT:                    02/06/2015
TRIAL JUDGE:                         HON. E. VINCENT DAVIS
COURT FROM WHICH APPEALED:           ADAMS COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:              LUCIEN C. GWIN III
ATTORNEY FOR APPELLEE:               LISA JORDAN DALE
NATURE OF THE CASE:                  CIVIL - DOMESTIC RELATIONS
TRIAL COURT DISPOSITION:             FOUND THAT, AT THE TIME THE
                                     APPELLEE FILED HER MOTION, THE
                                     RELEVANT STATUTE OF LIMITATIONS
                                     HAD NOT YET EXPIRED ON HER RIGHT
                                     TO COLLECT A PRIOR MONETARY
                                     JUDGMENT AGAINST THE APPELLANT
DISPOSITION:                         AFFIRMED - 11/15/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE IRVING, P.J., CARLTON AND GREENLEE, JJ.

### CARLTON, J., FOR THE COURT:

¶1.     Keith Smith appeals the Adams County Chancery Court's February 6, 2015 judgment that found that, at the time Mary Smith filed her June 1, 2010 contempt motion against Keith, the statute of limitations had not yet expired on Mary's ability to collect a prior judgment against Keith for $116,000. The chancellor's February 6, 2015 judgment adjudicated several claims raised in Mary's June 1, 2010 motion, including her allegation that Keith had willfully refused to pay her the prior award for $116,000. On appeal, Keith raises the following

issues: (1) whether the chancellor erred in finding that the statute of limitations had not yet run on Mary's ability to collect the prior judgment for $116,000; (2) whether the filing of Mary's motion for contempt and for modification of alimony tolled the statute of limitations; and (3) whether the chancellor's order should be stricken to prevent Mary from making future attempts to collect the $116,000 judgment.

¶2. Upon review, we find the record shows that the chancellor's February 6, 2015 judgment merely (1) determined that, at the time Mary filed her motion before that court on June 1, 2010, the statute of limitations posed no bar to her action to execute the prior judgment against Keith; and (2) calculated the interest due to Mary from the prior judgment. Finding no error in the chancellor's judgment adjudicating these particular issues, we affirm.

**FACTS**

¶3. Keith and Mary married on May 30, 1975. The couple had three children during their marriage. On December 7, 1999, Keith filed a complaint for divorce. On October 23, 2001, Chancellor Kennie Middleton entered a judgment granting the parties an irreconcilable-differences divorce.

¶4. The procedural history reflects that, on January 22, 2003, Chancellor Middleton amended his findings of facts and conclusions of law and entered a final judgment in the matter. Relevant to this appeal, in his amended findings, Chancellor Middleton determined Keith's medical practice to be a marital asset valued at $348,000. Chancellor Middleton awarded Mary one-third of the value of the medical practice, which amounted to $116,000.

2

After finding that Keith lacked the present ability to either pay Mary the $116,000 or liquidate his practice, Chancellor Middleton ordered Mary to wait until January 22, 2006, or three years after entry of the final judgment, before she attempted to collect her monetary award. Chancellor Middleton further provided that Mary's award of $116,000 would neither diminish nor accumulate interest during the three-year waiting period.

¶5.     The procedural history further reflects that, on August 1, 2003, Chancellor Middleton entered another judgment in this matter. After finding that a material change in Keith's circumstances had occurred, Chancellor Middleton reduced Keith's monthly alimony payment from $2,500 to $1,500. However, as the record reflects, this decision did not alter Chancellor Middleton's $116,000 award to Mary for one-third of the value of Keith's medical practice.

¶6.     On June 1, 2010, Mary filed a motion for citation for contempt and for modification of alimony. The chancellor's adjudication of the issues raised in Mary's motion culminated into the assignments of error now before this Court on appeal. Relevant to the appeal, Mary asked the chancellor to hold Keith in contempt for his failure to pay the $116,000 he owed her for one-third of the value of his medical practice. Mary also asked the chancellor to order Keith to purchase a $175,000 life-insurance policy with Mary as the beneficiary until Keith paid the $116,000 judgment plus interest. In response to Mary's motion, on May 9, 2011, Keith filed a countermotion. Although Keith admitted that he had not paid Mary any of the judgment amount, he asserted that the applicable statute of limitations barred Mary's attempt

3

to collect the monetary judgment.

¶7.     On June 21, 2011, and on August 23, 2011, Chancellor Vincent Davis heard arguments and testimony on the issues raised in Mary's motion and Keith's countermotion. On February 6, 2015, Chancellor Davis entered an opinion and order.  Chancellor Davis found that, although Chancellor Middleton's January 22, 2003 judgment awarded $116,000 to Mary, Chancellor Middleton then stayed the judgment's execution for three years.  As a result of the three-year stay, Chancellor Davis found that the seven-year statute of limitations on Mary's ability to collect the monetary judgment did not begin to run until January 22, 2006. *See* Miss. Code Ann. § 15-1-43 (Rev. 2012); Miss. Code Ann. § 15-1-47 (Rev. 2012). Chancellor Davis therefore concluded that Mary possessed until January 22, 2013, to either execute the prior judgment or extend the monetary judgment by reenrolling it.

¶8.     Based on his findings, Chancellor Davis determined that the prior judgment remained unpaid and that Mary was entitled to be paid.  Chancellor Davis concluded "that the judgment [for $116,000] was not barred by the statute of limitations when [Mary] filed with the clerk of this court this action [on June 1, 2010,] founded upon the judgment at issue."[1] Chancellor Davis further found that, at the time of the hearing on August 23, 2011, the present value of the judgment and accrued interest amounted to $167,968.[2]  As a result of his

---

[1] As support for this finding, the chancellor cited *Street v. Smith*, 85 Miss. 359, 359, 37 So. 837, 838-39 (1905).

[2] The chancellor cited *McNeel v. Mississippi Department of Human Services*, 99 So. 3d 244, 247 (¶7) (Miss. Ct. App. 2012), and Mississippi Code Annotated section 75-17-7 (Rev. 2009) to support this finding.

findings, Chancellor Davis denied Keith's motion to dismiss Mary's claim of entitlement to collect the monetary award. Chancellor Davis also denied Mary's request to modify the property settlement to require Keith to pay periodic payments as opposed to one lump-sum payment.

¶9. Chancellor Davis next discussed Mary's request to hold Keith in contempt for failure to pay the monetary award. Chancellor Davis found that the prior judgment awarding the $116,000 authorized Mary to collect the amount after January 22, 2006. However, Chancellor Davis further found that the prior judgment never ordered Keith to pay the amount by a specific date and that Mary had so far failed to exercise her right to collect the monetary award. As a result, although Chancellor Davis found that Keith continued to owe Mary the $116,000 plus interest, Chancellor Davis refused to hold Keith in contempt for nonpayment of the monetary award.

¶10. Aggrieved by Chancellor Davis's judgment concluding that Mary's claim to the $116,000 plus interest was not yet barred by the statute of limitations, Keith appeals to this Court.

## DISCUSSION

I. **Whether the chancellor erred in finding that the statute of limitations had not yet run on Mary's ability to collect the prior judgment for $116,000.**

II. **Whether the filing of Mary's motion for contempt and for modification of alimony tolled the statute of limitations.**

III. **Whether the chancellor's order should be stricken to prevent Mary**

5

**from making future attempts to collect the $116,000 judgment.**

¶11.     On appeal, Keith argues that the statute of limitations expired on Mary's ability to enforce the prior judgment against him for $116,000. Keith raises no dispute that, beginning on January 22, 2006, Mary possessed seven years to either enforce or extend the judgment awarded to her. However, Keith argues that the chancellor erroneously found that Mary's motion for contempt and for modification of alimony tolled the statute of limitations. Keith alleges that Mary's motion was insufficient on its own to toll the statute of limitations, and he asserts that Mary has filed no other action that would enforce or extend the life of the judgment. Keith therefore asks this Court to reverse the chancellor's judgment and to find that the statute of limitations bars Mary from future attempts to collect the $116,000. Despite the parties' assertions, the record fails to reflect that the chancellor issued a prospective ruling. Instead, the chancellor simply ruled that Mary's motion before that court was not barred at the time she filed it on June 1, 2010.

¶12.     As our precedent establishes, this Court will not disturb a chancellor's findings of fact unless the findings were manifestly wrong or clearly erroneous or unless the chancellor applied an erroneous legal standard. *Phillips v. Phillips*, 45 So. 3d 684, 692 (¶23) (Miss. Ct. App. 2010). Where the record contains substantial evidence to support the chancellor's findings, we will not reverse his decision. *Id.* However, we review de novo questions of law, including statute-of-limitations issues. *Johnson v. Parker Tractor & Implement Co.*, 132 So. 3d 1032, 1034-35 (¶5) (Miss. 2014).

¶13.   We now turn to a discussion of the Mississippi statutory law establishing the life of and the statute of limitations applicable to judgments and the execution of those judgments. We will then address caselaw applying the statutes.

¶14.   "In Mississippi, the life of a judgment is seven years . . . ." *Id.* "All actions founded on any judgment or decree rendered by any court of record in this state, shall be brought within seven (7) years next after the rendition of such judgment or decree, or last renewal of judgment or decree, whichever is later." Miss. Code Ann. § 15-1-43. Mississippi Code Annotated section 15-1-47 (Rev. 2012) further provides:

> A judgment or decree rendered in any court held in this state shall not be a lien on the property of the defendant therein for a longer period than seven years from the rendition thereof, unless an action be brought thereon before the expiration of such time. However, the time during which the execution of a judgment or decree shall be stayed or enjoined by supersedeas, injunction or other process, shall not be computed as any part of the period of seven years.

¶15.   As previously stated, the parties agree that the seven-year statute of limitations on Mary's ability to enforce or extend the $116,000 judgment began to run on January 22, 2006. The parties further agree that, if uninterrupted, the statute of limitations on Mary's claim would expire on January 22, 2013. However, the parties disagree over whether Mary's June 1, 2010 motion for contempt and for modification of alimony tolled the statute of limitations until the chancellor entered his February 6, 2015 final order and decree in the matter.

¶16.   Keith asserts on appeal that the statute of limitations has expired on Mary's claim because Mary never "prayed, ple[d], averred[,] or attempted execution or garnishment on the [prior] [j]udgment" through her motion for contempt or through any other filing. Instead,

7

Keith argues that Mary's motion only sought relief other than collection of the prior judgment and that the chancellor completely denied Mary's requested relief. In response, Mary contends on appeal that her motion for contempt fulfilled the statutory requirements for tolling the statute of limitations on the prior judgment. Mary further argues that the seven-year statute of limitations began anew when the chancellor entered his new judgment reflecting that Keith still owed her the $116,000 from the original judgment plus the amount of the accrued interest since 2006. Alternatively, Mary asserts that, due to the tolling of the statute of limitations while the chancellor adjudicated her motion, she now has until about September 27, 2017, to enforce the prior judgment.

¶17. Section 15-1-43 discusses actions founded on domestic judgments and the renewal of domestic judgments. The statute provides the following:

> All actions founded on any judgment or decree rendered by any court of record in this state, shall be brought within seven (7) years next after the rendition of such judgment or decree, or last renewal of judgment or decree, whichever is later.
>
> A judgment or decree can be renewed only if, at the time of renewal, the existing judgment or decree has not expired. A judgment or decree may be renewed by the filing with the clerk of the court that rendered such judgment or decree a Notice of Renewal of Judgment or Decree . . . .

Miss. Code Ann. § 15-1-43.

¶18. In addition, as discussed, section 15-1-47 states:

> A judgment or decree rendered in any court held in this state shall not be a lien on the property of the defendant therein for a longer period than seven years from the rendition thereof, unless an action be brought thereon before the expiration of such time. However, the time during which the execution of a

8

judgment or decree shall be stayed or enjoined by supersedeas, injunction or other process, shall not be computed as any part of the period of seven years.

¶19. Thus, based upon sections 15-1-43 and 15-1-47, our statutory law establishes that an action to renew a judgment must be filed within seven years from the date of entry of the original judgment. Miss. Code Ann. § 15-1-43. If a party fails to renew a judgment within the seven-year period, the judgment is no longer enforceable. *Id.* However, if the judgment is stayed, the time during which it is stayed does not count toward the running of the statute of limitations. Miss. Code Ann. § 15-1-47.

¶20. In *In re Lewis*, 110 So. 3d 811, 813-14 (¶¶13-14) (Miss. Ct. App. 2013), this Court found untimely a writ-of-garnishment action instituted almost ten years after the trial court entered the contempt judgment ordering the former husband to pay his former wife $5,500 plus interest. Instructively, in the recent case *Quality Diesel Service v. Tiger Drilling Co.*, 190 So. 3d 860, 863 (¶8) (Miss. 2016), the Mississippi Supreme Court acknowledged that the language of section 15-1-47 requires an action on the judgment to be brought within seven years of the entry of the judgment. The supreme court held in *Quality Diesel Service*:

> [W]here a party commences a garnishment proceeding at a time when the underlying judgment is still valid, the statute of limitations for actions on judgments is tolled as to that particular party as to funds—due to the judgment debtor—that actually were in the hands of the garnishee at the time the garnishment proceeding was initiated and at the time the underlying judgment was valid.

*Id.* at 864 (¶13); *see also Kimbrough v. Wright*, 231 Miss. 855, 858, 97 So. 2d 362, 363 (1957) (holding that successive suits on an underlying judgment stopped the running of the

statute of limitations).

¶21.    As stated, the parties in the present case argue on appeal whether Mary's June 1, 2010 motion tolled the statute of limitations for execution on her underlying judgment. However, the record reflects that the particular issue presented below to the chancellor was whether the statute of limitations barred Mary's instant motion for alimony modification and for contempt based on Keith's failure to satisfy the underlying judgment. In adjudicating this issue, the chancellor concluded "that the judgment [for $116,000] was not barred by the statute of limitations when [Mary] filed with the clerk of this court this action [on June 1, 2010,] founded upon the judgment at issue." As previously stated, the parties agreed that the seven-year statute of limitations on Mary's ability to enforce or extend the $116,000 judgment began to run on January 22, 2006. Upon review, we find no error in the chancellor's determination that the statute of limitations posed no bar to the instant motion that Mary filed on June 1, 2010, and that is now before this Court on appellate review. We refrain from commenting on whether the statute of limitations bars any hypothetical future action, and we confine our review to the chancellor's findings and judgment in the instant case.[3]

¶22.    In addition to her other requested relief, Mary's June 1, 2010 motion asked the

---

[3] *See Hinds-Rankin Metro. Water & Sewer Ass'n v. St. Paul Fire & Marine Ins.*, 289 So. 2d 904, 904 (Miss. 1974) (recognizing that the appellate courts have "consistently refused, except where authorized by statute, to grant declaratory judgments where no affirmative, coercive[,] or executory aid of the court is sought" (citations omitted)); *Harrison Cty. Util. Auth. v. Walker*, 143 So. 3d 608, 612 (¶14) (Miss. Ct. App. 2014) (acknowledging that the appellate courts lack the authority to render advisory opinions).

chancellor to hold Keith in contempt for his willful failure to pay the underlying $116,000 judgment previously awarded to her. Mary also asked the chancellor to order Keith to purchase a $175,000 life-insurance policy with her as the named beneficiary. Mary requested that Keith be ordered to maintain the life-insurance policy until he paid the full amount of the prior judgment plus any accrued interest.

¶23. In addressing Mary's motion for contempt, the chancellor found that the prior judgment awarding Mary the $116,000 never ordered Keith to pay the amount by a certain date. As a result, the chancellor refused Mary's request to hold Keith in contempt for not yet paying the $116,000. In addition, the chancellor determined that, pursuant to her contempt motion, Mary sought to revise the payment method for the $116,000 and to receive periodic monthly payments instead of the lump-sum payment encompassed in the original judgment. However, the chancellor concluded that he lacked the authority to modify the form and nature of the underlying judgment because the time within which to modify the judgment had expired. *See* M.R.C.P. 59(e) (discussing motions to alter or amend a judgment); M.R.C.P. 60(b) (discussing the reasons for which a court may relieve a party from a final judgment).[4]

---

[4] In *Collins v. Collins*, 188 So. 3d 581, 585 (¶9) (Miss. Ct. App. 2015), this Court stated:

> A six-month time-bar applies to reasons (1)-(3) [of Rule 60(b) of the Mississippi Rules of Civil Procedure], while motions brought under (4)-(6) must be filed . . . within a reasonable time. Rule 60(b)(6) is a catch[-]all provision to allow relief when equity demands. Motions brought under Rule 60(b)(6) cannot be based on one of the first five enumerated reasons. Rather, Rule 60(b)(6) motions are meant for exceptional and compelling

As a result, the chancellor also denied this request to revise the payment method for the $116,000.[5]

¶24.    Although the chancellor denied Mary's requests to hold Keith in contempt and to modify the payment method of the prior judgment, the chancellor found that Mary filed her present motion within the applicable seven-year statute-of-limitations period and that Mary based her motion on the prior underlying judgment.  The chancellor therefore concluded that, at the time Mary filed her motion, the statute of limitations posed no bar to her ability to collect the $116,000 judgment against Keith.  The chancellor then calculated the accrued interest due to Mary from the prior monetary judgment, and he issued a new judgment for the new amount of $167,968, which reflected the underlying judgment plus the amount of the accrued interest.[6]  Based on these findings, the chancellor denied Keith's motion to dismiss Mary's claim of entitlement to the prior monetary award.

¶25.    Upon review of this matter, we find no error in the chancellor's finding that, at the time Mary filed her motion in this case on June 1, 2010, the statute of limitations had not yet expired on her ability to collect the prior monetary judgment against Keith.  We therefore

_____

circumstances, such as for fraud upon the court.

(Internal citations and quotation marks omitted).

    [5] *See id.* at (¶10) ("The decision to modify a prior order under Rule 60(b) is a matter within the trial court's sound discretion." (citation omitted)).

    [6] *Compare Planters' Bank v. Calvit*, 11 Miss. 143, 199-200 (1844) (holding that a judgment is not satisfied, merged, or extinguished by a second judgment affirming the original judgment).

12

affirm the chancellor's judgment.

**¶26.  THE JUDGMENT OF THE ADAMS COUNTY CHANCERY COURT IS AFFIRMED.   ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**