# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-IA-01264-SCT

*DILIP BHANA*

*v.*

*AMRUT PATEL*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/13/2022 |
| TRIAL JUDGE: | HON. MITCHELL M. LUNDY, JR. |
| TRIAL COURT ATTORNEYS: | JANA NYE MANLOVE |
| | LAURA FORD ROSE |
| | MATTHEW REID KRELL |
| | JOHN BARNETT TURNER, JR. |
| | G. ROBERT PARROTT, II |
| | PHILLIP BUFFINGTON |
| | BRENTON MATTHEW CARTER |
| | CAMERON LEIGH BENTON |
| | DAVID RINGER |
| | JERRY WESLEY HISAW |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | JERRY WESLEY HISAW |
| ATTORNEYS FOR APPELLEE: | DAVID RINGER |
| | CAMERON LEIGH BENTON |
| | BRENTON MATTHEW CARTER |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND RENDERED - 12/14/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KING, P.J., COLEMAN AND BEAM, JJ.**

**KING, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Amrut Patel obtained a judgment against Dilip Bhana in DeSoto County Chancery

Court in 2014. In 2021, Patel filed a notice of renewal with the DeSoto County Circuit

Court. In 2022, Patel pursued executing the judgment in the DeSoto County Chancery Court, but Bhana filed a motion to dismiss, alleging that the judgment had expired because Patel failed to follow proper procedures to renew the judgment. The chancery court denied the motion to dismiss, and this Court granted Bhana's petition for interlocutory appeal. Because Patel failed to renew the judgment in any manner provided by law, this Court reverses the chancery court's denial of Bhana's motion to dismiss and renders judgment in favor of Bhana.

**FACTS AND PROCEDURAL HISTORY**

¶2.     Amrut Patel (Patel) sued Dilip Bhana and Ishver Patel[1] based on an alleged failure to repay loans. On December 8, 2014, the Chancery Court of DeSoto County entered a final judgment for Patel against Bhana for repayment of principal plus interest at 10 percent for three loans in the total amount of $203,785. In 2018, Patel filed and served a writ of execution, but all that exists in the record are docket entries, so it is unclear whether that writ satisfied any portion of the judgment.

¶3.     On April 9, 2021, Patel filed a Notice of Renewal of Judgment in the Circuit Court of Desoto County. On October 27, 2021, Patel filed a suggestion for writ of execution with the chancery court. The DeSoto County Chancery Clerk issued a writ of execution on November 9, 2021. Based on the docket entries in the record, it does not appear that the writ of execution was ever served. On June 15, 2022, Patel filed a notice to take Bhana's deposition. Then, on August 12, 2022, Patel filed a Motion for Examination of Judgment

---

[1]It is unclear what Ishver Patel's involvement was, and the final judgment was entered specifically against Bhana, not Ishver Patel. Ishver Patel is not a party to this appeal.

2

Debtor and requested that Bhana produce documents pertaining to his assets. Nothing in the record indicates that Bhana received these two documents; they were merely filed in MEC and emailed to any attorney of record. On September 27, 2022, Patel filed a notice of hearing on his Motion for Examination of Judgment Debtor and noticed the hearing for November 1, 2022. That document contains a certificate of service that indicates that a copy of the document was mailed to Bhana.

¶4.     On November 1, 2022, Bhana appeared for the hearing without counsel. The parties signed an Agreed Order on Motion for Examination of Judgment Debtor, in which the court ordered that Bhana had thirty days to secure counsel and that, thereafter, the parties should confer to agree upon a date to conduct the debtor's exam.[2]  In the event Bhana failed to secure counsel, the order required Patel's counsel to schedule the debtor's exam and notify the parties of the date, time, and place to appear and ordered Bhana to appear. Counsel for Patel, Patel himself, and Bhana signed the Agreed Order.[3]

¶5.     Also on November 1, 2022, immediately after signing the Agreed Order, Bhana obtained counsel. Counsel for Bhana filed a motion to dismiss that same day and argued that any collection efforts were barred because Patel had failed to file a renewal of the judgment with the chancery clerk pursuant to Mississippi Code Section 15-1-43.

¶6.     On November 2, 2022, Bhana filed a motion for reconsideration, arguing that the Agreed Order should be set aside because the judgment had previously lapsed for reasons set

_____

[2]The Agreed Order was dated November 2, 2022, but Bhana asserts that they signed it on November 1, 2022.  The Agreed Order was not entered until November 7, 2022.

[3]Ishver Patel also signed the Agreed Order.

3

forth in the motion to dismiss. He also filed a notice for hearing on his motion to dismiss. The hearing was noticed for December 13, 2022.

¶7.    Patel admitted that there was no renewal of judgment on the chancery court's docket. Yet Patel argued that the judgment was renewed on April 9, 2021, on the judgment rolls of the circuit court. Further, the notice of renewal of judgment was mailed to Bhana that same day.  Therefore, Patel asserted that the judgment was timely renewed.

¶8.    On December 13, 2022, the chancery court found that the entry of the judgment on the circuit court judgment roll was sufficient to renew the judgment and denied the motion to dismiss.  It reasoned that the circuit clerk must enroll any notice to renew anyway, and that caselaw indicated that the original court issuing the judgment does not possess sole subject matter jurisdiction over the renewal of it.  The chancery court further found that the motion to dismiss was untimely because it was filed after the Agreed Order was entered.  The chancery court additionally held that the Agreed Order remained in effect and denied the motion for reconsideration.

¶9.    Bhana filed a petition for interlocutory appeal, which this Court granted. Bhana raises the following issue on appeal: whether filing a notice of renewal with the circuit court is sufficient to renew a chancery court judgment.

**DISCUSSION**

*1.    Standard of Review*

¶10.    The chancery court's interpretation and application of the statute of limitations is a question of law that this Court reviews de novo. ***Est. of Puckett v. Clement***, 238 So. 3d

4

1139, 1144 (Miss. 2018); *Madison Cnty. v. Hopkins*, 857 So. 2d 43, 47 (Miss. 2003). The Court reviews the issue of waiver of an affirmative defense for abuse of discretion. *Clement*, 238 So. 3d at 1144.

### 2. *Renewal of Judgment*

¶11. Bhana argues that Patel did not properly renew the judgment; therefore, it expired, and the chancery court should have granted his motion to dismiss. Mississippi law provides that:

> All actions founded on any judgment or decree rendered by any court of record in this state, shall be brought within seven (7) years next after the rendition of such judgment or decree, or last renewal of judgment or decree, whichever is later.
>
> A judgment or decree can be renewed only if, at the time of renewal, the existing judgment or decree has not expired. *A judgment or decree may be renewed by the filing with the clerk of the court that rendered such judgment or decree a Notice of Renewal of Judgment or Decree substantially in the following form*:
>
> **NOTICE OF RENEWAL OF JUDGMENT OR DECREE**
>
> (a) Notice is given of renewal of judgment that was rendered and filed in this action as follows:
>
>> (i) Date that judgment was filed;
>>
>> (ii) Case number of such judgment;
>>
>> (iii) Judgment was taken against;
>>
>> (iv) Judgment was taken in favor of;
>>
>> (v) Current holder of such judgment;
>>
>> (vi) Current amount owing of such judgment; and
>>
>> (vii) Certification that at the time of the filing of the notice the judgment remains valid and has not been satisfied or barred.

5

(b) If applicable, that a Notice of Renewal of Judgment or Decree has been previously filed with the clerk of the court that rendered such judgment on:

The renewal of such judgment is effective as of the date of the filing of the Notice of Renewal with the clerk of the court that rendered such judgment. The renewal of judgment shall be treated in the same manner as the previously rendered judgment. The circuit clerk shall enroll the Notice of Renewal showing the date of the filing of the Notice of Renewal, and the lien of the renewal of such judgment continues from the date of the enrollment of the existing judgment. *The right to renew a judgment in any other manner allowed by law instead of using the above Notice of Renewal remains unimpaired.*

At the time of the filing of the Notice of Renewal of Judgment, the judgment creditor or his attorney shall make and file with the clerk of the court that rendered the judgment an affidavit setting forth the name and last-known post office address of the judgment debtor and the judgment creditor. Promptly upon the filing of the Notice of Renewal of Judgment, the clerk shall mail notice of the filing of the Notice of Renewal of Judgment to the judgment debtor at the address given and shall make a note of the mailing in the docket. The notice shall include the name and post office address of the judgment creditor and the judgment creditor's attorney, if any, in this state. In addition, the judgment creditor may mail a notice of the filing of the Notice of Renewal of Judgment to the judgment debtor and may file proof of mailing with the clerk. Lack of mailing notice of filing by the clerk shall not affect the validity of the renewal of judgment if proof of mailing by the judgment creditor has been filed.

Miss. Code Ann. § 15-1-43 (Rev. 2019) (emphasis added). Section 15-1-43 was significantly amended in 2010 after decades of being merely a statute of limitations. H.B. 277, 2010 Miss. Laws ch. 352. Previous versions only set out the statute of limitations, but made no provisions for how or where any renewal could occur. *See* Miss. Code Ann. § 15-1-43 (Rev. 2003). The previous statute stated, in its entirety:

All actions founded on any judgment or decree rendered by any court of record in this state, shall be brought within seven years next after the rendition of such judgment or decree, and not after, and an execution shall not

6

issue on any judgment or decree after seven years from the date of the judgment or decree.

*Id.*

¶12.  In addition to creating for the first time a "Notice of Renewal" as a proper method to renew a judgment, the statute preserved previously established renewal methods: "The right to renew a judgment in any other manner allowed by law instead of using the above Notice of Renewal remains unimpaired."  Miss. Code Ann. § 15-1-43 (Rev. 2019).  As far as methods of renewal allowed by law prior to the 2010 amendments, this Court had held that "the effective method to extend the judgment lien is by filing another suit upon the judgment before the expiration of 7 years from the date of the rendition thereof."  ***Kimbrough v. Wright***, 231 Miss. 855, 97 So. 2d 362, 363 (1957).  When renewed by a separate action, the judgment renewal could be accomplished in any court in which venue was proper.  ***Lloyd v. Bank of the S.***, 796 So. 2d 985, 990 (Miss. 2001).  Renewal of judgments could also be sought by motion, but renewal by motion had to be filed "in the court where the judgment was originally rendered[.]"  *Id.*  So, prior to 2010, renewals could be accomplished either by filing another suit upon the judgment wherever venue was proper or by filing a motion to renew in the court in which the judgment originated.  The statute expressly preserves these two methods of renewal.  Thus, the 2010 amendments appear both to clarify and to simplify the method and place of renewal, as only a mere notice need be filed, rather than an entirely new lawsuit or a formal motion.  The amended statute provides that when a party opts to renew a judgment via a statutorily created notice of renewal, rather than opting to use other more formal methods, the notice of renewal must be filed with the clerk of the court that

7

rendered the judgment. Miss. Code Ann. § 15-1-43 (Rev. 2019). Thus, three ways to renew a judgment in Mississippi currently exist: filing a notice of renewal with the clerk of the court that rendered the judgment, filing a motion to renew in the court that rendered the judgment, or filing a new suit on the judgment in any court in which venue is proper.[4]

¶13.    Bhana argues that Patel did not properly renew the judgment, since he filed a notice of renewal in circuit court rather than in the chancery court that issued the judgment; he also points out that no new suit was filed to renew the judgment. Thus, Bhana argues that the chancery court should have granted his motion to dismiss because the underlying judgment has expired. Patel argues that Section 15-1-43 allows a judgment to be renewed by any other manner allowed by law, so he was not mandated to renew it with the chancery court. He also claims that Bhana did not assign as error that Patel's judgment was *not* renewed in any other manner allowed by law, thus, this Court should not address the issue because it has been waived. While Bhana did focus his arguments on the notice of renewal filed, he also pointed out that Patel did not meet the previous standards for renewing a judgment as set forth in *Lloyd*. Additionally, Bhana's entire argument was that filing a notice of renewal with the wrong clerk is simply insufficient to renew a judgment under the statute, which generally covers all methods of renewal. Further, the chancery court did not base its decision on this

---

[4]In addition, if a person files and serves a timely writ of garnishment on an unexpired judgment, the garnishment does not lapse upon expiration of the judgment as to funds in the hands of the garnishee at the time the garnishment was initiated. *Quality Diesel Serv. v. Tiger Drilling Co.*, 190 So. 3d 860, 864 (Miss. 2016). If a judgment expires while the garnishment is pending, it only impacts the garnisher's ability to seek funds that came to the garnishee after the judgment lapsed. *Id.*

8

provision, so Bhana was not required to assign as error something that the chancery court did not do. The waiver argument is without merit.

¶14. The chancery court denied Bhana's motion to dismiss because it noted that the circuit court must enroll judgments anyway, and because *Lloyd* provides that the original court issuing a judgment is not the sole court with subject matter jurisdiction to renew the judgment. But the law is clear that a judgment may be renewed in one of three manners: filing a notice of renewal with the clerk of the original court, filing a motion to renew in the original court, or filing a new lawsuit on the judgment in any court of proper venue. Patel did none of these. Nothing in the law provides that filing a Notice of Renewal, a 2010 statutory creation, with a clerk of a court other than the court that issued the original judgement, can renew a judgment. Further, nothing in the record indicates that any action akin to a writ of garnishment was timely filed and pending. Thus, the judgment expired, and the chancery court was incorrect in finding that it was properly renewed by filing a statutorily created notice of renewal in a court other than that specified by the statute.

### 3. *Waiver of Statute of Limitations*

¶15. Patel argues that Bhana waived any statute of limitations defense because Bhana engaged in delay in raising it and because Bhana actively participated in the proceedings. The chancery court also found that the motion to dismiss was untimely because it had already entered the Agreed Order; thus, it concluded that the "[t]ime at which [it] could have been raised . . . in the Motion to Dismiss has passed."

9

¶16. It is true that a defendant may waive an affirmative defense by a "failure to timely and reasonably raise and pursue the enforcement of" the affirmative defense, "coupled with active participation in the litigation process . . . ." *Clement*, 238 So. 3d at 1145 (internal quotation mark omitted) (quoting *MS Credit Ctr., Inc. v. Horton*, 926 So. 2d 167, 180 (Miss. 2006)). "In order to constitute a waiver, the delay must be 'substantial and unreasonable.'" *Id.* (quoting *Horton*, 926 So. 2d at 180). In *Clement*, an Estate was served with the underlying complaint on August 26, 2014, and filed its motion to dismiss and answer to the complaint on October 10, 2014. *Id.* at 1143. Subsequently, it served one set of discovery. *Id.* It did not notice a hearing on the motion to dismiss or file a brief in support until March 2016. *Id.* at 1144. The Court found that the seventeen-month delay was reasonable because "five months after the Estate moved to dismiss, Puckett's heirs-at-law filed a will contest which questioned the legitimacy of Smith as the Estate's executor." *Id.* at 1145. Once the executor contest was settled, the Estate noticed the hearing on the motion to dismiss a mere seven days after letters of administration were issued to a new executor. *Id.* Further, the Court found that the Estate did not participate "all the while" in the litigation during the delay. *Id.* (internal quotation marks omitted) (quoting *Horton*, 926 So. 2d at 180). It noted that the Estate served initial discovery, but then it did not participate in any way in the litigation until the new executor filed an entry of appearance. *Id.* The Court concluded that "the trial court abused its discretion in determining that the Estate had waived its statute-of-limitations defense" because "[t]he delay was reasonable, given the will contest, and the

10

Estate did not participate 'all the while . . . in the litigation process' during the delay." ***Id.*** (second alteration in original) (quoting ***Horton***, 926 So. 2d at 180).

¶17.    In this case, Patel filed a notice of deposition in June 15, 2022, a motion for judgment debtor examination in August 2022, and he noticed the hearing for that motion on September 27, 2022.  Bhana filed nothing and did not participate in the proceedings in any way from June 2022 until the November 1, 2022, hearing.  Indeed, the first indication in the record that Bhana may have been notified of these filings was on September 27, 2022.  Bhana did participate in the hearing on November 1, 2022, and he signed the Agreed Order, but he hired counsel later the same day.  Also on November 1, 2022, Bhana's newly hired counsel filed a motion to dismiss raising the statute of limitations.  The filing occurred after the Agreed Order was signed, but before it was entered.  The time from the notice of deposition to the motion to dismiss was four-and-one-half months; the time from the first indication that Bhana knew of the proceedings to the motion to dismiss was a little more than one month.  And the time from the hearing to the filing of the motion to dismiss was a matter of hours.  He retained counsel that same day, and counsel immediately, hours later, filed the motion to dismiss asserting the statute of limitations defense.  The delay before filing the motion to dismiss in this case was neither substantial nor unreasonable, much less both.  Moreover, the only participation in the litigation attributable to Bhana prior to the motion to dismiss was his appearance pro se at the hearing and his signature on the Agreed Order.  He consequently did not participate "all the while" in the litigation process.  Bhana clearly did not waive his

11

statute of limitations defense, and the chancery court abused its discretion by finding that his assertion was untimely.

## CONCLUSION

¶18.    Patel failed to timely renew his judgment against Bhana in any manner provided by statute or caselaw.  The record does not indicate that any action exists that would extend the expired judgment.  Thus, Patel's judgment against Bhana expired in December 2021, and the notice of deposition and Motion for Examination of Debtor were filed outside the seven-year statute of limitations.  Moreover, Bhana's slight delay in asserting a statute of limitations defense was neither substantial nor unreasonable, thus, the chancery court abused its discretion by finding that Bhana's motion to dismiss was untimely.  This Court reverses the chancery court's denial of Bhana's motion to dismiss and renders judgment in favor of Bhana.

¶19.    **REVERSED AND RENDERED.**

**KITCHENS, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.  RANDOLPH, C.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

12